UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | |
|     FEIGE GREEN | : | Chapter 7 |
| | : | Case No.: 1−13−44897−ess |
|                       Debtor. | : | Judge: Stong, Elizabeth |
| SS No.: xxx-xx-6529 | : | |

**NOTICE OF MOTION SEEKING AN ORDER PURSUANT TO 11 U.S.C. §350
TO REOPEN CASE, FOR A CONTEMPT FINDING, FOR SANCTIONS AWARDING
ATTORNEYS' FEES AND COSTS, FOR A TEMPORARY RESTRAINING ORDER,
<u>AND FOR FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE</u>**

**PLEASE TAKE NOTICE** that, upon the annexed motion of Joseph Y. Balisok, Esq., attorney for Feige Green ("Debtor"), the annexed exhibits, and Debtor's affirmation in support, a motion will be made before the Honorable Elizabeth S. Stong, Courtroom 3585, at the United States Bankruptcy Court for the Eastern District of New York, at the Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201, on April 23, 2019, at 9:30 a.m., for the entry of an order (1) reopening this Chapter 7 bankruptcy case, previously closed on December 3, 2013, under 11 U.S.C. § 350(b), Bankruptcy rules 5010 and 9014, and E.D.N.Y. LBR § 5010-1; finding Respondent Hentchy Daskalowitz, a/k/a Helen Daskalowitz and Respondent Law Office of Jason B. Shanbaum (collectively "Respondents") in civil contempt for willfully and knowingly violating the discharge injunction; imposing sanctions on Respondents and awarding Debtor compensatory and punitive damages, attorneys' fees and costs; for a Temporary Restraining Order enjoining the Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief this Court deems equitable and just; or (2) for an order reopening this case to allow Debtor to file an adversary proceeding against Respondents.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to enter an Order granting any of the relief herein requested, or if you want the court to consider your views on the motion, then on or before April 16, 2019, you or your attorney must:

1. File with the court a written request for a hearing *or, if the court requires a written response*, an answer, explaining your position, at:

    United States Bankruptcy Court
    Eastern District of New York
    271-C Cadman Plaza East, Ste 1595
    Brooklyn, New York 11201

2. If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above; You must also send a copy to:

    Balisok & Kaufman, PLLC
    251 Troy Avenue
    Brooklyn, NY 11213

3. Attend the hearing scheduled to be held on April 3, 2019, at 2:00 p.m. in the United States Bankruptcy Court, located at 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201; and

4. Take any and all other steps required to oppose a motion under local rule or court order.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: Brooklyn, New York  /s/ *Joseph Y. Balisok*
       March 8, 2019  Joseph Y. Balisok
                                                                              BALISOK & KAUFMAN, PLLC
                                                                             251 Troy Avenue
                                                                             Brooklyn, NY 11213
                                                                             Telephone: (718) 928-9607

Facsimile: (718) 534-9747  
joseph@lawbalisok.com

To:

*Trustee*  
John S. Pereira  
Pereira & Sinisi, LLP  
641 Lexington Avenue  
13th Floor  
New York, NY 10022  
(212) 758-5777  
Email: pereiraesq@pereiralaw.com

*U.S. Trustee*  
Office of the United States Trustee  
Eastern District of NY (Brooklyn Office)  
U.S. Federal Office Building  
201 Varick Street, Suite 1006  
New York, NY 10014  
(212) 510-0500

*Respondent Daskalowitz*  
Hentchy Daskalowitz  
c/o Law Office of Jason B Shanbaum  
1204 Coney Island Ave, Ste 100  
Brooklyn, NY 11230  
(718) 440-4904

*Counsel for Respondent Daskalowitz*  
Law Office of Jason B Shanbaum  
1204 Coney Island Ave, Ste 100  
Brooklyn, NY 11230  
(718) 440-4904

*Respondent Law Firm*  
Law Office of Jason B Shanbaum  
1204 Coney Island Ave, Ste 100  
Brooklyn, NY 11230  
(718) 440-4904

*Marshal*  
Martin A. Bienstock  
NYC Marshal, Badge no. 75  
Bayside, NY 11361  
(718) 279-377

BALISOK & KAUFMAN, PLLC  *Hearing Date: April 23, 2019*
*Attorneys for the Debtor*  *Hearing Time: 9:30 a.m.*
251 Troy Avenue
Brooklyn, New York 11213
(718) 928-9607
Joseph Y. Balisok, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re:                                                         :
                                                               :   Chapter 7
      FEIGE GREEN                  :   Case No.: 1−13−44897−ess
                                                               :   Judge: Stong, Elizabeth
                     Debtor. :
SS No.: xxx-xx-6529                                            :
---------------------------------------------------------------X

### MOTION TO REOPEN CASE, FOR A CONTEMPT FINDING, FOR SANCTIONS AWARDING ATTORNEYS' FEES AND COSTS, FOR A TEMPORARY RESTRAINING ORDER, AND FOR FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE

      **Joseph Y. Balisok, Esq.,** an attorney duly admitted to practice before the Courts of the State of New York and United States District Court for the Eastern District of New York, hereby affirms the following under penalty of perjury:

      1.     I am the attorney for Debtor for the instant motion, and I am fully familiar with the facts and circumstances upon which this Affirmation is made.

      2.     I submit this motion seeking entry of an order (1) reopening this Chapter 7 bankruptcy case, previously closed on December 3, 2013, under 11 U.S.C. § 350(b), Bankruptcy rules 5010 and 9014, and E.D.N.Y. LBR § 5010-1; finding Respondent Hentchy Daskalowitz, a/k/a Helen Daskalowitz and Respondent Law Office of Jason B. Shanbaum (collectively "Respondents") in civil contempt for willfully and knowingly violating the discharge injunction; imposing sanctions on Respondents and awarding Debtor compensatory and punitive damages,

attorneys' fees and costs; for a Temporary Restraining Order enjoining the Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief this Court deems equitable and just; or (2) for an order reopening this case to allow Debtor to file an adversary proceeding against Respondents.

3.     No Prior application seeking the same or similar relief has been made.

**PRELIMINARY STATEMENT**

4.     This motion arises from Respondents' malevolent and bad-faith pursuit of an already discharged prepetition debt. Despite having both actual and constructive knowledge of Debtor's Chapter 7 discharge, Respondents vigorously prosecuted a state-court lawsuit seeking to enforce an arbitration award of $150,000 against Debtor for a debt that accrued years before Debtor's initial Chapter 7 filing.

5.     Respondent's conduct is nothing short of egregious; to see this, the Court need look no further than Respondents' state-court submissions, which included both the notice of discharge and admissions that essentially acknowledged that this prepetition debt was discharged. Respondents nonetheless prosecuted the underlying state-court action from inception through judgement.

6.     Debtor now asks this Court to address Respondents' disrespect for this Court and their disregard for bankruptcy law. For the reasons more fully set forth below, Debtor respectfully requests that this Court enter an order (1) reopening this Chapter 7 bankruptcy case, previously closed on December 3, 2013, under 11 U.S.C. § 350(b), Bankruptcy rules 5010 and 9014, and E.D.N.Y. LBR § 5010-1; finding Respondent Hentchy Daskalowitz, a/k/a Helen Daskalowitz and Respondent Law Office of Jason B. Shanbaum (collectively "Respondents") in civil contempt for willfully and knowingly violating the discharge injunction; imposing sanctions on Respondents

and awarding Debtor compensatory and punitive damages, attorneys' fees and costs; for a Temporary Restraining Order enjoining the Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief this Court deems equitable and just; or (2) for an order reopening this case to allow Debtor to file an adversary proceeding against Respondents.

## FACTUAL BACKGROUND

7.     Debtor filed her no-asset Chapter 7 Voluntary Petition with this Court on August 9, 2013. Exhibit A. This Court later issued an Order discharging Debtor under Chapter 7 of the Bankruptcy Code on November 8, 2013. Exhibit B. A final decree of the Chapter 7 discharge was entered, and the proceeding was closed on December 3, 2013. Exhibit C. As a matter of law, this discharge operated to discharge the subject debt that accrued before the filing of the petition.

8.     In 2003, several years before Debtor filed her bankruptcy petition, Debtor's mother sold certain real property to both Debtor and Respondent Daskalowitz. Exhibit D ¶ 4. The mother later bought other property and, by power of attorney, transferred her interest in that second property to Debtor. *Id.* ¶ 5. Contemporaneous with that transaction, it is alleged that Debtor, Respondent Daskalowitz, and the mother agreed that proceeds through any later sale of the first property would be split evenly between Debtor and Respondent Daskalowitz. *Id.* ¶ 7. Upon sale, however, Debtor allegedly failed to pay Respondent Daskalowitz her share. *Id.* ¶ 8. Respondent's claim for breach of contract then accrued.

9.     Respondent Daskalowitz, though, sat idle. It was not until January 13, 2015—over 10 years after the alleged breach of contract occurred and over one year after entry of the bankruptcy discharge—that Respondent Daskalowitz sought to recover her alleged share of the sale proceeds. *See* Exhibit E. Respondent's choice of forum was arbitration with a Rabbinical

court, to which Debtor agreed. *Id.* ¶ 3. The Rabbinical Court, in a one-page decision, summarily awarded Respondent Daskalowitz $150,000. Exhibit F.

10. Respondent Daskalowitz sought to enforce the arbitration award and retained Respondent Law Office of Jason B. Shanbaum to that end. *See* Exhibit E. Respondents filed a state-court petition seeking to enforce this award on November 29, 2015. *Id.* Motion practice lasted several months, and on August 25, 2016, the Supreme Court granted Respondent Daskalowitz her requested relief and ordered Debtor to pay the $150,000 award. *See* Exhibit G. Judgment was entered against Debtor on September 7, 2016. *Id.*

11. On or about February 13, 2019, Debtor received a Notice of Garnishment from Martin A. Bienstock, a New York City Marshal. Exhibit L. This notice threatens garnishment of sums lawfully due to Debtor "from whom [Debtor is] receiving or will receive money . . . ." *Id.* The notice further demands a total sum of $212,376.46, which includes the judgment amount, marshal fees, poundage expense, and interest charges. *Id.* The notice finally warns that interest will be calculated daily. *Id.* This motion followed.

## LEGAL ARGUMENT

**A. This Court Should Reopen this Bankruptcy Case**

12. Under the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to reopen a bankruptcy case rests left to the bankruptcy court's discretion. *State Bank of India v. Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) (internal citations omitted). The party seeking to reopen the case bears the burden to show cause exists. *See In re Easley–Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013) (internal citations omitted).

13. "'A motion to reopen should be liberally granted and ought not be used to force the debtor to prove her case twice, once to reopen the case and later at the hearing on the merits.'" *In re Covelli*, 550 B.R. 256, 263 (Bankr. S.D.N.Y. 2016) (quoting *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005)).

14. Here, Debtor moves to reopen this case to impose sanctions on Respondent for an outright violation of the discharge injunction and obtain an order avoiding a lien. It is well settled that "a motion to impose sanctions for violation of the discharge injunction is an appropriate purpose to reopen a bankruptcy case." *In re Covelli*, 550 B.R. at 263 (citing *In re McKenzie–Gilyard*, 388 B.R. 474, 478 (Bankr. E.D.N.Y. 2007)).

**B. Respondents Willfully Violated the Discharge Injunction and Are Now in Contempt**

15. A discharge injunction furthers one of the primary purposes of the Bankruptcy Code—namely, giving the debtor a chance for a financial fresh start unburdened by efforts to collect debts no longer owed. *See Green v. Welsh*, 956 F.2d 30, 33 (2d Cir. 1992) (citing *In re Jet Florida System*s, Inc., 883 F.2d 970, 972 (11th Cir. 1989)); *In re Nicholas*, 457 B.R. 202, 224 (Bankr. E.D.N.Y. 2014). While section 524 is silent on this issue, section 105 of the Bankruptcy Code gives courts broad authority to enforce discharge injunctions by holding willful violators in contempt. *See In re Nassako*, 405 B.R. 515 (Bankr. S.D.N.Y. 2009) (internal citations omitted); *In re Szenes*, 515 B.R. 1, 6 (Bankr. E.D.N.Y. 2014); *In re Nicholas* 457 B.R. 202, 225 (Bankr. E.D.N.Y. 2014).

16. A civil-contempt finding requires a two-part inquiry: "(1) did the party know of the lawful order of the court, and (2) did the defendant comply with it." *Nicholas*, 457 B.R. at 225; *McKenzie–Gilyard*, 388 B.R. at 481 (internal citation omitted). Moreover, a violation of the discharge injunction is willful where "the creditor (1) knew that the discharge had issued, and (2)

intended the actions which violated the discharge injunction." *In re DiGeronimo*, 354 B.R. 625, 642 (Bankr. E.D.N.Y. 2006); *see also* 4 Collier on Bankruptcy P 524.02(2)(c) (willfulness is evident where the "creditor knows the discharge has been entered and intends the actions which violated the discharge injunction.").

17. Here, the state-court papers themselves provide clear and convincing evidence that Respondents willfully and knowingly violated the discharge injunction. First, the state-court petition references only the arbitration award, conspicuously omitting any facts concerning the underlying transaction. *See* Exhibit E. But the affirmation in support of an order to show cause, filed just days after the petition, plainly acknowledged that Debtor was insolvent (Exhibit H ¶ 4), which means that Respondents had, at the least, constructive notice that Debtor was bankrupt.

18. If Respondents indeed lacked knowledge of the discharge at the time of filing the petition, they certainly learned of it shortly thereafter. After all, Debtor's opposition to the order to show cause plainly attached the Notice of Discharge. Exhibit I. Respondents too included the Notice of Discharge in their reply papers. Exhibit J. Respondents nonetheless litigated the state-court action without regard for the protection afforded to Debtor under the bankruptcy laws.

19. Moreover, should Respondents contend that they never intended to violate the bankruptcy discharge, such an argument would offer them no safe harbor. Willfulness simply requires a showing that the creditor *intended the actions* that violated the discharge injunction; it does not require specific intent. *DiGeronimo*, 354 B.R. at 642. As one court put it, a party is in willful violation of the injunction where it "knowingly go[es] forward with collection activity . . . knowing or having reason to know that the debtor was in bankruptcy and has received a discharge." *In re Ramos*, Case No. 10–23019(RDD), 2013 WL 5461859, at *2 (Bankr. S.D.N.Y. Oct. 1, 2013).

20. Accordingly, Respondents are in civil contempt because they (1) knew of the discharge injunction and (2) willfully ignored it anyway by pursuing the state-court case.

**C. This Court Should Impose Sanctions for Respondents' Civil Contempt**

21. Sanctions for civil contempt may be imposed both to "coerce future compliance" with a court order and to "compensate for any harm that previously resulted" from the noncompliance. *Chief. Exec. Officers Clubs, Inc*. 359 B.R. 527, 534 (Bankr. S.D.N.Y. 2007) (citing *New York State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998). Courts must consider "the nature of the harm and the probable effect of alternative sanctions" when assessing imposition of sanctions. *Id*. at 536 (citing *EEOC v. Local 28, Sheet Metal Workers*, 247 F.3d 333, 336 (2d Cir. 2001)).

22. Various forms of damages are available for civil contempt, including: attorneys' fees; litigation costs; travel expenses; other actual losses, like wages or business income; punitive damages; and even emotional distress damages. *See In re American Medical Utilization Management Corp*., 494 B.R. 626, 636–38 (Bankr. E.D.N.Y. 2013) (awarding costs and fees as a contempt sanction); *In re Russell*, 378 B.R. 735, 743–44 (Bankr. E.D.N.Y. 2007) (noting that compensatory damages and attorney's fees may be awarded as a contempt sanction for violation of the discharge injunction); *In re Perviz*, 302 B.R. 357, 369 (Bankr. N.D. Ohio 2003) (awarding $8,000 in punitive damages for willful violation of discharge injunction were there was "some sort of nefarious or otherwise malevolent conduct" that demonstrates a "complete and utter disrespect for the bankruptcy laws.").

   **1.** *Debtor has incurred a loss in light of enforcement of a state-court judgement of $150,000 for a debt already discharged through bankruptcy.*

23. The record before this Court demonstrates that Debtor is about to incur a $150,000 loss from the state-court judgement. Respondent is currently pursuing enforcement of this

judgment through the New York City Marshal. Accordingly, should the New York City actually recover this sum—which seems likely given the Respondent's persistent prosecution of the state-court case and the New York Supreme Court's failure to credit the discharge—Debtor asks this Court to award her $150,000 in compensatory damages for an out-of-pocket loss.

### 2. *Debtor has incurred and should recover reasonable attorneys' fees.*

24.     Courts routinely award attorneys' fees when a party willfully disobeys a court order. *Szenes*, 515 B.R. at 7; *Nicholas*, 457 B.R. at 225; *Nassoko*, 405 B.R. at 520. An award of attorneys' fees is also appropriate where an offending party also acted in bad faith or in a vexatious or oppressive manner. *Watkins v. Guardian Loan Co. of Massapequa, Inc*., 240 B.R. 668, 678 (Bankr. E.D.N.Y. 1999); *Russell v. Chase Bank USA, NA*, 378 B.R. 735, 743–44 (Bankr. E.D.N.Y. 2007).

25.     Debtor incurred attorney's fees as a result of Respondents' actions by (1) defending herself in the state-court case; (2) having this bankruptcy case reopened; and (3) filing (and, should Respondents appear in this case, arguing) the instant motion. Accordingly, this Court should award Debtor reasonable attorneys' fees and costs of at least $25,000.

### 3. *Debtor is entitled to punitive damages.*

26.     Where a clear violation of the discharge injunction has been found, the court may also impose a punitive civil contempt sanction. *See Szenes*, 515 B.R. at 8 (imposing attorney's fees and a punitive sanction for a bank which not only violated the discharge injunction by sending a letter after it received notice of the discharge order but continued to violate the discharge injunction by sending another letter after it received a letter from debtor's counsel notifying it of its violation); *Nicholas*, 457 B.R. at 227 (assessing a $5,000 punitive sanction against a *pro-se* litigant who violated the discharge injunction by making payment demands and pursuing state court litigation

on discharged claims); *Covelli*, 550 B.R. at 270–71 (awarding punitive damages for pursuing a state-court proceeding in violation of a discharge injunction).

27. Courts have found such damages appropriate "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Torres*, 367 B.R. at 490. While a mere showing that the actions were deliberate is insufficient for punitive damages, this is not the case before this Court. Instead, punitive damages are indeed appropriate here because Respondents' vigorous prosecution of the state-court lawsuit was both "malevolent" and in "clear disregard and disrespect of the bankruptcy laws." *Szenes*, 515 B.R. at 7–8; *Nicholas*, 457 B.R. at 227; *Watkins*, 240 B.R. at 680.

28. Respondents' initially attempted to conceal the fact that the underlying transaction forming the basis of the state-court lawsuit occurred years before the bankruptcy discharged. The Respondents, as noted, had at least constructive knowledge of the discharge before filing the state-court petition. At any rate, they certainly obtained a copy of the Notice of Discharge shortly after suing Debtor. Moreover, Respondents admittedly knew that they were violating federal bankruptcy law, as is evidenced by Respondents' acknowledgment that they were pursuing the state-court case because "the Second Circuit and the New York State Court of Appeals are both split" on the issue of recovering an unnoticed prepetition debt following a no-asset bankruptcy discharge. Exhibit K ¶ 6.

29. Finally, Respondents were in full control of the state-court lawsuit and could have discontinued it at any time. Instead, they chose to strongly oppose Debtor's motions and request relief from the Supreme Court. Given Respondents' overwhelming opportunities to cease the collection efforts—especially after knowing that the debt was already discharged—is nothing short of malevolent conduct in extreme disregard for this Court's order and the Bankruptcy Code.

**D. This Court Should Issue a Temporary Restraining Order Enjoining the NYC Marshal from Enforcing the Notice of Garnishment**

30. The Rules allow this Court, through Rule 7065 of the Federal Bankruptcy Rules of Procedure, to impose a Temporary Retraining Order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

31. It is well-settled that TRO's serve to maintain the status quo. *See, e.g., In re Atlas Fin. Mortg., Inc.*, No. 13-32683-BJH-7, 2014 WL 172283, at *3 (Bankr. N.D. Tex. Jan. 14, 2014). Presently, the New York City Marshal is threatening to disrupt this status quo—that is, he stands ready to disturb the longstanding discharge—by enforcing the Notice of Garnishment pursuant to the state-court judgement against Debtor.

32. Debtor will be irreparably harmed absent issuance of this TRO. Without anything to stop the Marshal from enforcing the Notice of Garnishment, Debtor stands to lose any and all income she duly and lawfully receives from the present until the outstanding obligation is satisfied.

33. Given that, upon these moving paper, Debtor has established her right to relief from this Court, the Court should not allow the Marshal to enforce this TRO.

WHEREFORE, For the foregoing reasons, Debtor respectfully asks this Court for an Order (1) reopening this Chapter 7 bankruptcy case; finding Respondents in civil contempt for violating the discharge injunction, imposing sanctions on Respondents and award Debtor compensatory and punitive damages, attorneys' fees and costs; for a Temporary restraining Order enjoining the Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief this Court deems equitable and just; or (2) for an order reopening this case to allow Debtor to file an adversary proceeding against Respondents.

Dated: Brooklyn, New York
      March 8, 2019                      /s/ *Joseph Y. Balisok*
                                                          Joseph Y. Balisok, Esq.

BALISOK & KAUFMAN PLLC
251 Troy Avenue
Brooklyn, New York 11213
Phone: (718) 928-9607
Fax: (718) 534-9747
Email: joseph@lawbalisok.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | X : | |
| | : | Chapter 7 |
| FEIGE GREEN | : | Case No.: 1−13−44897−ess |
| | : | Judge: Stong, Elizabeth |
| Debtor. | : | |
| SS No.: xxx-xx-6529 | : | |
| | X | |

**AFFIRMATION OF FEIGE GREEN**

STATE OF NEW YORK    )
                                            ) ss: Brooklyn
COUNTY OF KINGS      )

**Feige Green**, being of full age, on her affirmation, deposes and says:

1. I am the Debtor in the above-caption proceeding, and I am fully familiar with the facts and circumstances upon which this Affirmation is made.

2. I submit this affirmation in support of my motion seeking entry of an order (1) reopening this Chapter 7 bankruptcy case, previously closed on December 3, 2013, under 11 U.S.C. § 350(b), Bankruptcy rules 5010 and 9014, and E.D.N.Y. LBR § 5010-1; finding Respondent Hentchy Daskalowitz, a/k/a Helen Daskalowitz and Respondent Law Office of Jason B. Shanbaum (collectively "Respondents") in civil contempt for willfully and knowingly violating the discharge injunction; imposing sanctions on Respondents and awarding Debtor compensatory and punitive damages, attorneys' fees and costs; for a Temporary Restraining Order enjoining the Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief this Court deems equitable and just; or (2) for an order reopening this case to allow me to file an adversary proceeding against Respondents.

3. No Prior application seeking the same or similar relief has been made.

4.     This motion arises from Respondents' malevolent and bad-faith pursuit of an already discharged prepetition debt. Despite having both actual and constructive knowledge of my Chapter 7 discharge, Respondents vigorously prosecuted a state-court lawsuit seeking to enforce an arbitration award of $150,000 against me for a debt that accrued years before my initial Chapter 7 filing.

5.     Respondent's conduct is nothing short of egregious; to see this, the Court need look no further than Respondents' state-court submissions, which included both the notice of discharge and admissions that essentially acknowledged that this prepetition debt was discharged. Respondents nonetheless prosecuted the underlying state-court action from inception through judgement.

6.     I filed a no-asset Chapter 7 Voluntary Petition with this Court on August 9, 2013. This Court later issued an Order discharging my debt obligations under Chapter 7 of the Bankruptcy Code on November 8, 2013. A final decree of the Chapter 7 discharge was entered, and the proceeding was closed on December 3, 2013.

7.     In 2003, several years before I filed a bankruptcy petition, my mother sold certain real property to both me and Respondent Daskalowitz. My mother later bought other property and, by power of attorney, transferred her interest in that second property to me allegedly with the understanding that proceeds through any later sale of the first property would be split evenly between me and Respondent Daskalowitz. Respondent did not receive any proceeds from this sale.

8.     It was not until January 13, 2015—over 10 years after the alleged breach of contract occurred and over one year after entry of the bankruptcy discharge—that Respondent Daskalowitz sought to recover her alleged share of the sale proceeds. Respondent's choice of forum was arbitration with a Rabbinical court, to which I, as an observant Jew bound to Jewish law,

compulsorily agreed. The Rabbinical Court, in a one-page decision, summarily awarded Respondent Daskalowitz $150,000.

9. Respondent Daskalowitz sought to enforce the arbitration award and retained Respondent Law Office of Jason B. Shanbaum to that end. Respondents filed a state-court petition seeking to enforce this award on November 29, 2015. Motion practice lasted several months, and on August 25, 2016, the Supreme Court granted Respondent Daskalowitz her requested relief and ordered me to pay the $150,000 award. Judgment was entered against me on September 7, 2016.

10. On or about February 13, 2019, I received a Notice of Garnishment from Martin A. Bienstock, a New York City Marshal. Exhibit L. This notice threatens garnishment of sums lawfully due to me "from whom [I am] receiving or will receive money . . . ." The notice further demands a total sum of $212,376.46, which includes the judgment amount, marshal fees, poundage expense, and interest charges. The notice finally warns that interest will be calculated daily. This motion followed.

/s/ *Feige Green*

Feige Green

SUBSCRIBED and AFFIRMED to
before me this 7th day of March, 2019

/s/ *Joseph Y. Balisok*

Joseph Y. Balisok
Notary Public – State of New York
No. 02BA6225166
Qualified in Kings County
My Commission Expires July 19, 2022

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | X : : | Chapter 7 |
| FEIGE GREEN | : : | Case No.: 1−13−44897−ess Judge: Stong, Elizabeth |
| Debtor. | : : | |
| SS No.: xxx-xx-6529 | : X | **ORDER GRANTING** **DEBTOR'S MOTION** |

The Court, having reviewed the movant's Motion to Reopen and for other relief, and any related responses and objections, it is hereby

ORDERED that:

- ☐ That part of the Motion to Reopen is GRANTED. The Case is reopened;

- ☐ That part of the Motion to find Respondent's in civil contempt is GRANTED;

- ☐ That part of the Motion to hold Respondents liable for Sanctions for willful and knowing violation of the discharge injunction is GRANTED;

- ☐ That part of the Motion awarding Debtor compensatory and punitive damages, including an award of attorneys' fees and costs is GRANTED.

- ☐ That part of the Motion for a Temporary Restraining Order enjoying the Marshal of the City of New York from enforcing the Notice of Garnishment is GRANTED.

- ☐ Any additional relief:_____

    _____is GRANTED.

Dated: Brooklyn, New York
   March 7, 2019                  /s/_____
                                  HONORABLE ELIZABETH L. STONG
                                  United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                    :
                                                          :
    FEIGE GREEN                          :      Chapter 7
                                                          :      Case No.: 1−13−44897−ess
                      Debtor.        :      Judge: Stong, Elizabeth
SS No.: xxx-xx-6529                                       :
-------------------------------------------------------X      **CERTIFICATE OF SERVICE**

STATE OF NEW YORK    )
                               ) ss: Brooklyn
COUNTY OF KINGS     )

     I, Joseph Y. Balisok, hereby declare, under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that on March 14, 2019, I caused to be served a copy of 1) Notice of Motion to Reopen and for other Relief, 2) Motion to Reopen and for other Relief, 3) an Affirmation in Support of Motion, 4) a proposed Order Granting the Motion, and 4) all exhibits related to the above motion, by regular mail upon each of the parties listed on the "service-list" below by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the United States Postal Service within the Borough of Brooklyn, City and State of New York.

Dated: Brooklyn, New York
       March 14, 2019                              /s/ *Joseph Y. Balisok*
                                                       Joseph Y. Balisok, Esq.
                                                       BALISOK & KAUFMAN PLLC
                                                       251 Troy Avenue
                                                       Brooklyn, New York 11213
                                                       Phone: (718) 928-9607
                                                       Fax: (718) 534-9747
                                                       Email: Joseph@lawbalisok.com

# SERVICE LIST

*Trustee*
John S. Pereira
Pereira & Sinisi, LLP
641 Lexington Avenue
13th Floor
New York, NY 10022
(212) 758-5777
Email: pereiraesq@pereiralaw.com

*U.S. Trustee*
Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

*Respondent Daskalowitz*
Hentchy Daskalowitz
c/o Law Office of Jason B Shanbaum
1204 Coney Island Ave, Ste 100
Brooklyn, NY 11230
(718) 440-4904

*Counsel for Respondent Daskalowitz*
Law Office of Jason B Shanbaum
1204 Coney Island Ave, Ste 100
Brooklyn, NY 11230
(718) 440-4904

*Respondent Law Firm*
Law Office of Jason B Shanbaum
1204 Coney Island Ave, Ste 100
Brooklyn, NY 11230
(718) 440-4904

*Marshal*
Martin A. Bienstock
NYC Marshal, Badge no. 75
Bayside, NY 11361
(718) 279-3774