UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____ X

In re:                                               :
                                                     :
      **FEIGE GREEN**                                :        Chapter 7
                                                     :        Case No.: 1−13−44897−ess
                               Debtor.               :        Judge: Stong, Elizabeth
    SS No.: xxx-xx-6529                              :
_____ X

## <u>ORDER TO SHOW CAUSE</u>

**TO:   HON. ELIZABETH STONG**
       **U.S. BANKRUPTCY JUDGE**

        **PLEASE TAKE NOTICE** that, upon the annexed motion of Joseph Y. Balisok, Esq.,

attorney for Feige Green ("Debtor"), the annexed exhibits, and Debtor's affirmation in support,

Debtor hereby makes this motion for an Order to Show Cause seeking the entry of an order (1)

reopening this Chapter 7 bankruptcy case, previously closed on December 3, 2013, under 11

U.S.C. § 350(b), Bankruptcy rules 5010 and 9014, and E.D.N.Y. LBR § 5010-1; finding

Respondent Hentchy Daskalowitz, a/k/a Helen Daskalowitz and Respondent Law Office of Jason

B. Shanbaum (collectively "Respondents") in civil contempt for willfully and knowingly violating

the discharge injunction; imposing sanctions on Respondents and awarding Debtor compensatory

and punitive damages, attorneys' fees and costs; for a Temporary Restraining Order enjoining the

Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief

this Court deems equitable and just; or (2) for an order reopening this case to allow Debtor to file

an adversary proceeding against Respondents.

        **ORDERED** that Respondents show cause at _____ o'clock _____ on the date of

_____ or as soon thereafter as Debtor may be heard before the Honorable Elizabeth

S. Stong, Courtroom 3585, at the United States Bankruptcy Court for the Eastern District of New

York, at the Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201,

why this Court should not enter an Order (1) reopening this Chapter 7 bankruptcy case, previously

closed on December 3, 2013, under 11 U.S.C. § 350(b), Bankruptcy rules 5010 and 9014, and

E.D.N.Y. LBR § 5010-1; finding Respondent Hentchy Daskalowitz, a/k/a Helen Daskalowitz and

Respondent Law Office of Jason B. Shanbaum (collectively "Respondents") in civil contempt for

willfully and knowingly violating the discharge injunction; imposing sanctions on Respondents

and awarding Debtor compensatory and punitive damages, attorneys' fees and costs; for a

Temporary Restraining Order enjoining the Marshal of the City of New York from enforcing the

Notice of Garnishment; and any other relief this Court deems equitable and just; or (2) for an order

reopening this case to allow Debtor to file an adversary proceeding against Respondents.

**ORDERED** that service of this Order to Show Cause together with the application be

served on or before the end of the business day on Monday, March 18, 2019, upon:

| *Trustee* | *U.S. Trustee* | *Respondent Daskalowitz* |
| --- | --- | --- |
| John S. Pereira | Office of the United States | Hentchy Daskalowitz |
| Pereira & Sinisi, LLP | Trustee | c/o Law Office of Jason B |
| 641 Lexington Avenue | Eastern District of NY | Shanbaum |
| 13th Floor | (Brooklyn Office) | 1204 Coney Island Ave |
| New York, NY 10022 | U.S. Federal Office Building | Ste 100 |
| (212) 758-5777 | 201 Varick Street, Suite 1006 | Brooklyn, NY 11230 |
| | New York, NY 10014 | (718) 440-4904 |
| | (212) 510-0500 | |

| *Counsel for Respondent Daskalowitz* | *Respondent Law Firm* | *NYC Marshal* |
| --- | --- | --- |
| Law Office of Jason B | Law Office of Jason B | Martin A. Bienstock |
| Shanbaum | Shanbaum | NYC Marshal, Badge no. 75 |
| 1204 Coney Island Ave, Ste | 1204 Coney Island Ave, Ste | Bayside, NY 11361 |
| 100 | 100 | (718) 279-377 |
| Brooklyn, NY 11230 | Brooklyn, NY 11230 | |
| (718) 440-4904 | (718) 440-4904 | |

**ORDERED** that objections, if any, to the relief requested shall be made in writing, shall set forth with particularity the grounds for such objection and shall be filed with the Clerk of Court along with an extra copy marked "Chambers Copy," Trustee, United States Trustee, and the Debtor on or before _____ ; and it is further

**ORDERED** that the hearing scheduled herein may be adjourned by the Court, from time to time, without further notice other than announcement of the adjourned hearing date in open court.

Dated: Brooklyn, New York           /s/ *Joseph Y Balisok*
      April 4, 2019                    Joseph Y. Balisok
                                       BALISOK & KAUFMAN, PLLC
                                       251 Troy Avenue
                                       Brooklyn, NY 11213
                                       Telephone: (718) 928-9607
                                       Facsimile: (718) 534-9747
                                       joseph@lawbalisok.com

To:

*Trustee*
John S. Pereira
Pereira & Sinisi, LLP
641 Lexington Avenue
13th Floor
New York, NY 10022
(212) 758-5777
Email: pereiraesq@pereiralaw.com

*U.S. Trustee*
Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

*Respondent Daskalowitz*
Hentchy Daskalowitz
c/o Law Office of Jason B Shanbaum
1204 Coney Island Ave, Ste 100

Brooklyn, NY 11230
(718) 440-4904

*Counsel for Respondent Daskalowitz*
Law Office of Jason B Shanbaum
1204 Coney Island Ave, Ste 100
Brooklyn, NY 11230
(718) 440-4904

*Respondent Law Firm*
Law Office of Jason B Shanbaum
1204 Coney Island Ave, Ste 100
Brooklyn, NY 11230
(718) 440-4904

*Marshal*
Martin A. Bienstock
NYC Marshal, Badge no. 75
Bayside, NY 11361
(718) 279-377

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____ X

In re:                                          :
                                                :          Chapter 7
        **FEIGE GREEN**                         :          Case No.: 1−13−44897−ess
                                                :          Judge: Stong, Elizabeth
                              Debtor.           :
SS No.: xxx-xx-6529                             :
_____ X

### AFFIRMATION OF FEIGE GREEN

STATE OF NEW YORK        )
                         ) ss: Brooklyn
COUNTY OF KINGS          )

**Feige Green**, being of full age, on her affirmation, deposes and says:

1.      I am the Debtor in the above-caption proceeding, and I am fully familiar with the facts and circumstances upon which this Affirmation is made.

2.      I submit this affirmation in support of my motion seeking entry of an order (1) reopening this Chapter 7 bankruptcy case, previously closed on December 3, 2013, under 11 U.S.C. § 350(b), Bankruptcy rules 5010 and 9014, and E.D.N.Y. LBR § 5010-1; finding Respondent Hentchy Daskalowitz, a/k/a Helen Daskalowitz and Respondent Law Office of Jason B. Shanbaum (collectively "Respondents") in civil contempt for willfully and knowingly violating the discharge injunction; imposing sanctions on Respondents and awarding Debtor compensatory and punitive damages, attorneys' fees and costs; for a Temporary Restraining Order enjoining the Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief this Court deems equitable and just; or (2) for an order reopening this case to allow me to file an adversary proceeding against Respondents.

3.      No Prior application seeking the same or similar relief has been made.

4.      This motion arises from Respondents' malevolent and bad-faith pursuit of an already discharged prepetition debt. Despite having both actual and constructive knowledge of my Chapter 7 discharge, Respondents vigorously prosecuted a state-court lawsuit seeking to enforce an arbitration award of $150,000 against me for a debt that accrued years before my initial Chapter 7 filing.

5.      Respondent's conduct is nothing short of egregious; to see this, the Court need look no further than Respondents' state-court submissions, which included both the notice of discharge and admissions that essentially acknowledged that this prepetition debt was discharged. Respondents nonetheless prosecuted the underlying state-court action from inception through judgement.

6.      I filed a no-asset Chapter 7 Voluntary Petition with this Court on August 9, 2013. This Court later issued an Order discharging my debt obligations under Chapter 7 of the Bankruptcy Code on November 8, 2013. A final decree of the Chapter 7 discharge was entered, and the proceeding was closed on December 3, 2013.

7.      In 2003, several years before I filed a bankruptcy petition, my mother sold certain real property to both me and Respondent Daskalowitz. My mother later bought other property and, by power of attorney, transferred her interest in that second property to me allegedly with the understanding that proceeds through any later sale of the first property would be split evenly between me and Respondent Daskalowitz. Respondent did not receive any proceeds from this sale.

8.      It was not until January 13, 2015—over 10 years after the alleged breach of contract occurred and over one year after entry of the bankruptcy discharge—that Respondent Daskalowitz sought to recover her alleged share of the sale proceeds. Respondent's choice of forum was arbitration with a Rabbinical court, to which I, as an observant Jew bound to Jewish law,

compulsorily agreed. The Rabbinical Court, in a one-page decision, summarily awarded Respondent Daskalowitz $150,000.

9.      Respondent Daskalowitz sought to enforce the arbitration award and retained Respondent Law Office of Jason B. Shanbaum to that end. Respondents filed a state-court petition seeking to enforce this award on November 29, 2015. Motion practice lasted several months, and on August 25, 2016, the Supreme Court granted Respondent Daskalowitz her requested relief and ordered me to pay the $150,000 award. Judgment was entered against me on September 7, 2016.

10.     On or about February 13, 2019, I received a Notice of Garnishment from Martin A. Bienstock, a New York City Marshal. Exhibit L. This notice threatens garnishment of sums lawfully due to me "from whom [I am] receiving or will receive money . . . ." The notice further demands a total sum of $212,376.46, which includes the judgment amount, marshal fees, poundage expense, and interest charges. The notice finally warns that interest will be calculated daily. This motion followed.

11.     On or about March 6, 2019, my employer received an Income Execution-Notice of Levy from the NYC Marshal, directing my employer to garnish my wages. *See* Exhibit M.


/s/ *Feige Green*
Feige Green

SUBSCRIBED and AFFIRMED to
before me this 4th day of April, 2019


/s/ *Joseph Y. Balisok*

Joseph Y. Balisok
Notary Public – State of New York
No. 02BA6225166
Qualified in Kings County
My Commission Expires July 19, 2022

# EXHIBIT

# **A**

ORIGINAL

B1 (Official Form 1) (04/13)

| United States Bankruptcy Court<br>Eastern District of New York | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Green, Feige** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**xxx-xx-6529** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |

| Street Address of Debtor (No. & Street, City, and State):<br>**1256 48th Street<br>Brooklyn, NY 11219** | ZIP CODE<br>**11219-0000** | Street Address of Joint Debtor (No. & Street, City, and State): | ZIP CODE |
| --- | --- | --- | --- |
| County of Residence or of the Principal Place of Business:<br>**Kings** | | County of Residence or of the Principal Place of Business: | |
| Mailing Address of Debtor (if different from street address): | ZIP CODE | Mailing Address of Joint Debtor (if different from street address): | ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | | | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
| --- | --- | --- |
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☒ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box) |
| --- | --- | --- |
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Check one box:   Chapter 11 Debtors |
| --- | --- |
| ☐ Full Filing Fee attached<br><br>☒ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4-01-16 and every three years thereafter).*<br>------------------------------------<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

THIS SPACE IS FOR COURT USE ONLY

B1 (Official Form 1) (04/13)                                                                                           Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Felge Green** |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br>X **/s/ None**                                      **August 9, 2013**<br><u>Signature of Attorney for Debtor(s)</u>            Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

<u>(Name of landlord that obtained judgment)</u>

<u>(Address of landlord)</u>

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Feige Green** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Feige Green**
Signature of Debtor **Feige Green**

X _____
Signature of Joint Debtor

**917-950-3310**
Telephone Number (If not represented by attorney)

**August 9, 2013**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X **/s/ None**
Signature of Attorney for Debtor(s)
**None**
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

Email: _____

_____
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x

**In Re:**

FEIGE GREEN

**Case No.**

**Chapter**

**Debtor(s)**

-----------------------------------------------------x

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

          The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.

Dated: 8-9-13

_____
Debtor

_____
Joint Debtor

_____
Attorney for Debtor

CREDITOR.TXT

Feige Green


Capital One
PO Box 30281
Salt Lake City, UT 84130

Chase
c/o Helfand and Helfand
350 Fifth Avenue, ste 282
New York, NY 10118

Chase
P.O. Box 15298
Wilmington, DE 19850

CITIBANK (SOUTH DAKOTA)NA
701 E 60 ST N
Sioux Falls, SD 57117

Discover
PO Box 15316
Wilmington, DE 19850

EXHIBIT

**B**

**Form B18** (Official Form 18)(12/01/2007)

# United States Bankruptcy Court

### Eastern District of New York
271−C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

IN RE:                                                              CASE NO: 1−13−44897−ess

Feige Green

1256 48th Street
Brooklyn, NY 11219
  Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address.

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                    CHAPTER: 7

  xxx−xx−6529

        DEBTOR(s)

## DISCHARGE OF DEBTOR(S)

It appearing that the debtor(s) is entitled to a discharge,

**IT IS ORDERED**:

The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: November 20, 2013                    s/ Elizabeth S. Stong
                         United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (12/01/2007)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−1 | User: admin | Date Created: 11/20/2013 |
| Case: 1−13−44897−ess | Form ID: 253 | Total: 28 |

**Recipients of Notice of Electronic Filing:**

tr          John S. Pereira          pereiraesq@pereiralaw.com
aty         Maxim Maximov            mmaximov@mmaximov.com

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db          Feige Green          1256 48th Street          Brooklyn, NY 11219
smg         NYS Department of Taxation &Finance          Bankruptcy Unit          PO Box 5300          Albany, NY 12205
smg         NYC Department of Finance          345 Adams Street, 3rd Floor          Attn: Legal Affairs − Devora
            Cohn          Brooklyn, NY 11201
smg         NYS Unemployment Insurance          Attn: Insolvency Unit          Bldg. #12, Room 256          Albany, NY 12240
smg         Office of the United States Trustee          Eastern District of NY (Brooklyn Office)          U.S. Federal Office
            Building          201 Varick Street, Suite 1006          New York, NY 10014
8125319     Advanta Bank Corp          PO BOX 8088          Philadelphia, PA 19101
8125320     Argent Sherman          c/o THE CBE Group          131 Tower Park Dr          Waterloo, IA 50704
8113032     Atlas Acquisitions LLC          294 Union St.          Hackensack, NJ 07601
8125323     Bank of America          4161 Piedmont Pkwy          Greensboro, NC 27410
8125321     Bank of America          PO Box 26078          Greensboro, NC 27420
8125322     Bank of America          PO Box 982238          El Paso, TX 79998
8111993     CITIBANK (SOUTH DAKOTA)NA          701 E 60 ST N          Sioux Falls, SD 57117
8125324     Capital One          c/o Malen &Assos          123 Frost Street          Westbury, NY 11590
8111990     Capital one          PO Box 30281          Salt Lake city, UT 84130
8125326     Chase          P.o. Box 1200          Hicksville, NY 11801
8111992     Chase          PO Box 15298          Wilmington, DE 19850
8111991     Chase          c/o Helfand and Helfand          350 Fifth Avenue, ste 282          New York, NY 10118
8125325     Chase          c/o Helfand and Helfand          350 Fifth Avenue, ste 282          New York, NY 10118
8125327     CitiCards CBNA          PO Box 6241          Sioux Falls, SD 57117
8111994     Discover          PO Box 15316          Wilmington, DE 19850
8125328     HSBC          PO Box 5253          Carol Stream, IL 60197
8116575     JPMorgan Chase Bank, N.A.          c/o Helfand &Helfand          350 Fifth Avenue, Suite 5330          New York, NY
            10118          Attn: Andrew B. Helfand, Esq.
8125329     NYC Finance          59 Maiden Lane          19th Floor          New York, NY 10038
8125330     NYC Water Board          PO Box 410          Church Street Station          New York, NY 10008
8121706     New York City Water Board          Department of Environmental Protection          Andrew Rettig, Assistance
            Council          59−17 Junction Blvd, 13th Floor          Flushing NY 11373−5108
8125331     Sears          PO Box 183082          Columbus, OH 43218

TOTAL: 26

EXHIBIT

C

# United States Bankruptcy Court

Eastern District of New York
271−C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

IN RE:                                                    CASE NO: 1−13−44897−ess

   Feige Green

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer                    CHAPTER: 7
ID No.:

   xxx−xx−6529

              DEBTOR(s)

# FINAL DECREE

The estate of the above named debtor(s) has been fully administered.

**IT IS ORDERED THAT:**

- John S. Pereira (Trustee) is discharged as trustee of the estate of the above−named debtor(s).
- The Chapter 7 case of the above−named debtor(s) is closed.

s/ Elizabeth S. Stong
United States Bankruptcy Judge

Dated: December 3, 2013

# Notice Recipients

District/Off: 0207−1            User: cteutonic            Date Created: 12/3/2013
Case: 1−13−44897−ess           Form ID: 205               Total: 4

**Recipients of Notice of Electronic Filing:**
tr          John S. Pereira        pereiraesq@pereiralaw.com
aty         Maxim Maximov          mmaximov@mmaximov.com

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          Feige Green            1256 48th Street          Brooklyn, NY 11219
smg         Office of the United States Trustee    Eastern District of NY (Brooklyn Office)    U.S. Federal Office
            Building          201 Varick Street, Suite 1006        New York, NY 10014

TOTAL: 2

# EXHIBIT

# **D**

FILED: KINGS COUNTY CLERK 12/17/2015 10:54 AM
Case 1-13-44897 Doc-29 Filed 04/04/19 Entered 04/04/19 17:38:28.  514472/2015

NYSCEF DOC. NO. 12                                                                    RECEIVED NYSCEF: 12/17/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X
In the matter of the Arbitration of certain controversies between
HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ

                  Petitioner,                        Index No. 514472/2015

      -against-

                                **AFFIRMATION IN SUPPORT**

FAIGY GREEN A/K/A FEIGE GREEN A/K/A
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A FLORA
GREEN A/KA FAIGY KIRSCH A/K/A FEIGE KIRSCH
A/K/A FIEGI KIRSCH A/K/A FLORENCE KIRSCH A/K/A
FLORA KIRSCH A/K/A PEGGE GREEN A/K/A PEGGY
GREEN A/KA FEIGE GRUN

                  Respondent.
-----------------------------------------------------------------------X

      JASON B. SHANBAUM ESQ, an attorney duly admitted to practice before the Courts of the

State of New York affirms the following under penalties of perjury:

      1.    I am the attorney for the Petitioner, Hentchy Daskalowitz A/K/A Helen Daskalowitz

("Petitioner") herein and make this affirmation in support of the within Order to Show Cause as I am fully

familiar with the facts of the proceeding.

      2.    I am making this affirmation in support of the within motion for an order:

          i.    RESTRAINING Respondent GREEN from any and all transfers of real property

              located at 1256 48th Street, Brooklyn, New York, (Block 5634, Lot 29);

         ii.    Requiring Respondent GREEN to pay the $150,000.00, plus attorneys fees and costs,

              owed to DASKALOWITZ into the court, pending the disposition of this action;

        iii.   In the alternative, granting an lien on Respondent GREEN's real property located at

              1256 48th Street, Brooklyn, New York, (Block 5634, Lot 29)

        iv.   GRANTING such other and further relief as is just and proper under the

              circumstances.

      3.    A copy of the Petitioner's Verified Petition is annexed hereto as Exhibit "E". Also

submitting in support of this application is the affidavit of Hentchy Daskalowitz, who is a petitioner.

4.     As explained in Mrs. Daskalowitz's Affidavit, on or around February 4, 2003, the mother for the Petitioner and Respondent, Mrs. Rose Kirsch (hereinafter the "Mother"), sold real property located at 1523 40th Street, Brooklyn, New York (Block 5365, Lot 67) (the "First Property"). A copy of the deed selling the First Property is attached hereto as Exhibit "A".

5.     On or around October 17, 2003, the Mother purchased real property located at 1256 48th Street, Brooklyn, New York, (Block 5634, Lot 29) (hereinafter the "Second Property:") A copy of the deed purchasing the Second Property is attached hereto as Exhibit "B".

6.     On or around February 17, 2004, the Mother, via a Power of Attorney, transferred the Second Property to Respondent FAIGY GREEN et al. (hereinafter "Green"). A copy of the deed transferring the property is attached herewith as Exhibit "C."

7.     There was an agreement between the Mother, Petitioner and Respondent that Petitioner would get fifty percent (50%) of the sale proceeds of the First Property (hereinafter the "Share").

8.     Instead of providing the Share, Respondent used the proceeds from the sale of the First Property and used herself as a Power of Attorney of the Mother to purchase the Second Property for herself.

9.     Petitioner demanded that Respondent provide Petitioner with Petitioner's share of the First Property and Respondent refused.

10.    As a result of Respondent's refusal to provide me with my Share of the First Property, Petitioner petitioned to a religious arbitration, which Respondent consented to. See Exhibit "D."

11.    Pursuant to the arbitration award, Respondent is required to pay Petitioner $150,000.00 and failed to pay. See Exhibits "E", "F" and "G". Petitioner's Petition is pending before this Court to confirm that award.

12.    To the best of Petitioner's knowledge the Respondent is not working and has no other assets besides the Second Property located at 1256 48th Street, Brooklyn, New York, (Block 5634, Lot 29). Petitioner fears the Second Property will be transferred and the Respondent will no longer be able to

8

satisfy the judgment that Petitioner expects to receive in this case. It is Petitioner's understanding that Petitioners are entitled to restrain such dissipation of the Respondent's assets as the Respondent Green is insolvent.

13.    Under Debtor Creditor Law § 273, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Section 279 permits the Court to "[r]estrain the defendant from disposing of his property," and further authorizes the Court to make "any order which the circumstances of the case may require." Id.

14.    In this case, the Respondent is plainly insolvent, and absent a restraint of funds by this Court the Respondent will dissipate his one remaining asset.

**WHEREFORE**, it is respectfully requested that the Court enter an order:

a.    RESTRAINING Respondent GREEN from any and all transfers of real property located at 1256 48th Street, Brooklyn, New York, (Block 5634, Lot 29);

b.    Requiring Respondent GREEN to pay the $150,000.00, plus attorneys fees and costs, owed to DASKALOWITZ into the court, pending the disposition of this action;

c.    In the alternative, granting an lien on Respondent GREEN's real property located at 1256 48th Street, Brooklyn, New York, (Block 5634, Lot 29)

d.    GRANTING such other and further relief as is just and proper under the circumstances.

Dated:  Brooklyn, New York
        December 15, 2015

_____
JASON B. SHANBAUM, ESQ.

# EXHIBIT

# E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
In the matter of the Arbitration of certain controversies          Index No.
between HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ                                                         Date Purchased:
                     Petitioner,

      -against-                                            **VERIFIED PETITION**

FAIGY GREEN A/K/A FEIGE GREEN A/K/A
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A
FLORA GREEN A/KA FAIGY KIRSCH A/K/A FEIGE
KIRSCH A/K/A FIEGI KIRSCH A/K/A FLORENCE
KIRSCH A/K/A FLORA KIRSCH A/K/A PEGGE
GREEN A/K/A PEGGY GREEN A/KA FEIGE GRUN

                    Respondent.
--------------------------------------------------------------------X

The Petition of HENTCHY DASKALOWITZ A/K/A HELEN DASKALOWITZ
respectfully show:

     1.    That at all times hereinafter mentioned, the Petitioner HENTCHY
DASKALOWITZ A/K/A HELEN DASKALOWITZ was and still is an individual having
her residence at 1444 45th Street, 3rd Floor, Brooklyn, NY 11219.

     2.    That at all times hereinafter mentioned the Respondent, FAIGY GREEN
A/K/A FEIGE GREEN A/K/A FIEGI GREEN A/K/A FLORENCE GREEN A/K/A
FLORA GREEN A/KA FAIGY KIRSCH A/K/A FEIGE KIRSCH A/K/A FIEGI
KIRSCH A/K/A FLORENCE KIRSCH A/K/A FLORA KIRSCH A/K/A PEGGE
GREEN A/K/A PEGGY GREEN A/KA FEIGE GRUN (hereinafter "Respondent") was
and still is an individual having her residence at 1256 48th Street, Brooklyn, NY 11219.

     3.    That on or about January 13, 2015, the Petitioner and Respondent entered
into an arbitration agreement (the "Arbitration Agreement"), a copy of which is annexed
hereto as Exhibit "A".

     4.    That said Arbitration Agreement is an agreement to arbitrate certain
controversies between the Petitioner and Respondent in religious arbitration before a
rabbinical arbitrator. The rabbinical arbitrators were: Rabbi Avigdor Kahane, Rabbi Israel
Kenig and Rabbi Zev Knopfler (the "Arbitrator").

5.    That thereafter, at a time and place appointed the Arbitrator proceeded to hear proofs of the Petitioner, herein and Respondents, herein.

6.    That on or about the 19th day of July 2015, after the said Arbitrator had completed its investigations and studies of all the facts and circumstances, elements, and proofs entering into the controversy so submitted to them as aforesaid, and after they had considered all the evidence and arguments submitted by the parties to said Arbitration Agreement, having come to a unanimous decision, made its award in writing duly signed and acknowledged on the 19th day of July, 2015, a copy of which is hereto annexed as Exhibit "B" (with certified English translation) (hereinafter "Arbitration Award"), whereby it determined and awarded the Petitioner herein, *inter alia*, the following: the Respondent is obligated to pay the Petitioner One Hundred and Fifty Thousand Dollars ($150,000.00). In addition, the said Arbitrator restated that the Respondent and the Petitioner had previously agreed on a compromise between themselves that if the Respondent could pay a total of One Hundred Thousand Dollars ($100,000.00), in four (4) equal installment payments of Twenty Five Thousand Dollars ($25,000.00) no later than the dates of July 1, 2015, December 1, 2015, May 1, 2016 and October 1, 2016, respectively, then Respondent would be exempt from paying an extra Fifty Thousand Dollars ($50,000.00) that Respondent was obligated to pay and Respondent would only be obligated to only pay Petitioner the amount of One Hundred Thousand Dollars ($100,000.00).

7.    The Respondent never made any payment on July 1, 2015.

8.    Since the Respondent failed to make any payment before July 1, 2015, the Respondent is obligated, as per the Arbitration Award, to pay Petitioner One Hundred and Fifty Thousand Dollars ($150,000.00) and is not exempt from paying an extra Fifty Thousand Dollars ($50,000.00).

9.    After signing the Arbitration Award on July 19, 2015, that, on or about the 23rd day of October, 2015, the said Arbitrator, having come to a unanimous decision, made a decision to grant permission to Petitioner to enforce and execute the Arbitration Award through the courts (hereinafter "October Ruling"). Please see a copy of such ruling hereto annexed as Exhibit "C" (with certified English translation).

10.    The Respondent has failed to make any payment despite due demand.

11.    The Petitioner incurred the following additional fees: attorney's fees in the amount of $4,450.00, arbitration counsel fees in the amount of $1,600.00, translation fees for Arbitration award in the amount of $50.00, translation fees for other documents in the amount of $600.00 (collectively the "additional fees"). Please see the attached Exhibit "D" proof of the additional fees.

12.    The Petitioner asserts her right to collect these additional fees and all future attorneys fees, costs and disbursement in this action

13.    That a true copy of the Arbitration Award and October Ruling was sent to Petitioner and Respondents on or about July 19, 2015 and October 23, 2015, respectively.

14.    That the petition is brought within one year after the delivery of the award to the Petitioner, and that the award has not been vacated or modified upon any ground specified in CPLR 7511.

WHEREFORE, your Petitioner respectfully prays that an order be made herein confirming said award and directing that judgment be entered in this Court, together with expenses incurred enforcing the Arbitration award and, attorneys fees, costs and disbursements as taxed, and that Petitioner may have such other and further relief as to the Court may deem proper.

Dated: Brooklyn, New York

November 18, 2015

HENTCHY DASKALOWITZ
A/K/A HELEN DASKALOWITZ

STATE OF NEW YORK }
SS:}
COUNTY OF KINGS }

I, HENTCHY DASKALOWITZ A/K/A HELEN DASKALOWITZ, being duly sworn and depose and say: I am the petitioner in the within proceeding; I have read the foregoing VERIFIED PETITION and know the contents thereof, that the same is true to my own knowledge, except as to the matters stated to be alleged on information and belief, and as to those matters I believe them to be true.

HENTCHY DASKALOWITZ A/K/A
HELEN DASKALOWITZ

Sworn to this 18 th day
Of November, 2015

Notary

JASON B. SHANBAUM
NOTARY
PUBLIC
REG # 02SH6201163
MY COMMISSION
EXPIRES
02/16/2017
STATE OF NEW YORK

6

# EXHIBIT

# F

Case 1-13-44897-cec    Doc 29    Filed 04/04/19    Entered 04/04/19 17:38:28

# EXHIBIT F

בס"ד

## פסק דין

בדו"ד שבין הצדדים ה"ה מרת העענטשי דאסקאלוויטש תחי' ע"י המורשה בעלה ר'
אברהם צבי דאסקאלוויטש נ"י להלן צד א', ומרת פיגא גרין להלן צד ב'

אחר שקבלו אותינו הצדדים בחתימות שט"ב בקגא"ס, לדון ולפשר בדו"ד אשר
ביניהם יצא פס"ד מלפנינו כדלהן: ‎

צד ב' מחיובת לשלם לצד א' מאה וחמשים אלף דולר  ($150.000)

אך נתפשרו הצדדים ביניהם, אם ישלם צד ב' לצד א' חמשה ועשרים אלף דולר
($25.000) לא יאוחר מיולי 1 ' 2015 למספרם, עוד חמשה ועשרים אלף דולר
($25.000) לא יאוחר מדעצמבר 1 '2015 למספרם, עוד חמשה ועשרים אלף
דולר ($25.000) לא יאוחר ממאי 1 '2016 למספרם, עוד חמשה ועשרים אלף
דולר ($25.000) לא יאוחר מאקטאבער 1 '2016 למספרם, סך הכול מאה אלף
דולר ($100.000), אז צד ב' פטורה מחמשים אלף דולר, ובזה נסתלקה הטו"ת
מזו על זו,

───── ויהי רצון שישכון שלום ושלוה ביניהם ─────

 וע"ז באנו על החתום יום _א'_ לס' _פקודי_ תשע"ה לפ"ק

אביגדור כהנא                 ישראל מאיר קעניג                 זאב ארי' קאפלער

שליש                             דיין                             דיין



THE יהודים הקדושים HDI

# HALACHIC DOCUMENTS

### INSTITUTE, INC.

Minding Your Business.

## CERTIFICATE of ACCURACY

The undersigned, RABBI SHAYE WACHSMAN, certifies that he is fluent in the Hebrew and English languages; that he made the attached translation from the annexed document written in the Hebrew language and, hereby, certifies that the same is a true and complete translation to the best of his knowledge, ability and belief.

‎—————————————————————————————————

Rabbi Shaye Wachsman



TRANSLATED FROM YIDDISH TO ENGLISH

BS"D

## HALACHIC RULING

In the matter between the parties, namely, Mrs. Hentchy Daskalowitz may she live, through her proxy, her husband, Mr. Abraham Tzvi Daskalowitz may his light shine, hereinafter "Party A", and Mrs. Faigy Green, hereinafter "Party B".

Whereas, by their signature on the arbitration agreement and via the "agav sudar" means of acquisition, the parties accepted us to adjudicate and mediate in the matter between them, a halachic ruling was released by us, as follows:

Party B is obligated to pay to Party A one hundred and fifty thousand dollars ($150,000).

However, the parties between themselves agreed on a compromise, that if Party B will pay to Party A twenty five thousand dollars ($25,000) no later than July 1 2015 by their count, additional twenty five thousand dollars ($25,000) no later than December 1 2015 by their count, additional twenty five thousand dollars ($25,000) no later than May 1 2016 by their count, additional twenty five thousand dollars ($25,000) no later than October 1 2016 by their count, in total one hundred thousand dollars

($100,000), then Party B will be exempt from fifty thousand dollars, and this removes the claims from one on the other.

And may it be the will that peace and tranquility shall reset between you.

And we affixed our signatures to this on Sunday parshas Devorim, 775 by the small count [TRANSLATOR'S NOTE: This Hebrew date corresponds to the common date July 19, 2015].

Avigdor Kahane, chairman

Yisroel Meir Koenig, arbitrator

Ze'ev Arye Knopfler, arbitrator



Case 1-13-44897-cec Doc 29 Filed 04/04/19 Entered 04/04/19 17:38:28

# EXHIBIT B

בס"ד

בדו"ד שבין הצדדים ה"ה מרת הענטשי דאסקאלאוויטש תחי' ע"י המורשה בעלה ר' אברהם צבי
דאסקאלוויטש ג"י ומרת פיגא גרין תחי', שחתמנו על הפסק דין, יום א' דברים תשע"ה,

הצדדים יש להם רשות לאשר ולהוציא הפס"ד בפועל ע"י ערכאות,

ועד"ז באנו על החתום יום ___ לס' __ תשע"ו

אביגדור כהנא

ישראל מאיר קעניג

זאב ארי' קאפלער

BS"D

In the matter between the parties, namely, Mrs. Hentchy Daskalowitz may she live through her proxy, her husband, Mr. Abraham Tzvi Daskalowitz may his light shine, and Mrs. Faigy Green may she live, about which we signed on the halachic ruling on Sunday Devarim 775,

The parties are granted permission to enforce and execute the halachic ruling through the courts.

And we affixed our signatures to this on Friday parshas Lech Lecha, 776 by the small count [TRANSLATOR'S NOTE: This Hebrew date corresponds to the common date October 23, 2015].

Avigdor Kahane

Yisroel Meir Koenig

Ze'ev Arye Knopfler

# EXHIBIT

# G

FILED: KINGS COUNTY CLERK 09/07/2016 04:56 PM
Case 1:13-cv-4897 Doc#29 Filed 04/04/19 Entered 04/04/19 17:38:28. 514472/2015

NYSCEF DOC. NO. 43                                                    RECEIVED NYSCEF: 09/07/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
In the matter of the Arbitration of certain controversies between        Index No. **514472/2015**
HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ
                              Petitioner,                                  **NOTICE OF ENTRY**

             -against-

FAIGY GREEN A/K/A FEIGE GREEN A/K/A
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A FLORA
GREEN A/KA FAIGY KIRSCH A/K/A FEIGE KIRSCH
A/K/A FIEGI KIRSCH A/K/A FLORENCE KIRSCH A/K/A
FLORA KIRSCH A/K/A PEGGE GREEN A/K/A PEGGY
GREEN A/KA FEIGE GRUN

                              Respondent.
-----------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that the attached is a true copy of the Judgment in this

matter that was signed on August 25, 2016, entered in the office of the Clerk of the

Supreme Court, Kings County, on the 25th day of August 2016 and efiled by the clerk of

the court on September 2, 2016.

Dated: September 6, 2016
Brooklyn, New York

                                          LAW OFFICE OF JASON SHANBAUM PLLC

                              By:        _____
                                          Jason B. Shanbaum, Esq.
                                          1204 Coney Island Avenue
                                          Brooklyn, NY 11230
                                          Attorneys for Petitioner
                                          Number: 718-440-4904

To:      Joshua Bronstein, Esq.
         225 East 57th Street, Suite 20D
         New York, NY 10022
         and 1216 48th Street
         Brooklyn, NY 11219
         Joshua_bronstein@counsellor.com
         (via NY ECF)

**FILED: KINGS COUNTY CLERK 08/25/2016 09:00 AM**

NYSCEF DOC. NO. 41

INDEX NO. 514472/2015

RECEIVED NYSCEF: 09/02/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

In The Matter of the Arbitration of Certain                                  Index No: 514472/2016
Controversies between HENTCHY DASKALOWITZ
A/K/A HELEN DASKALOWITZ

                                          Plaintiff,

                    -against-                                      **JUDGMENT**

FAIGE GREEN A/K/A FEIGE GREEN A/K/A
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A FLORA          Defendant's Address
GREEN A/K/A FAIGY KIRSCH A/K/A FLORENCE KIRSCH        1256 48th Street
A/K/A FLORA KIRSCH A/K/A PEGGE GREEN A/K/A            Brooklyn, NY 11219
PEGGY GREEN A/K/A FEIGE GRUN

                                          Defendants.

-----------------------------------------------------------------------X

**UPON** the Notice of Petition and Petition, dated November 18, 2015 filed in the office of the
Clerk of Kings County on or about November 29, 2015, and all proceedings thereon;

**AND** in accordance with the Decision and Order on Application for Judgment and restraint from
transfer pending payment of judgment, dated August 18, 2016, executed by the Honorable Bernard
Graham, granting to petitioner, HENTCHY DASKALOWITZ A/K/A HELEN DASKALOWITZ, an
Order for judgment as against the defendant, FAIGE GREEN A/K/A FEIGE GREEN A/K/A FIEGI
GREEN A/K/A FLORENCE GREEN A/K/A FLORA GREEN A/K/A FAIGY KIRSCH A/K/A
FLORENCE KIRSCH  A/K/A FLORA KIRSCH A/K/A PEGGE GREEN A/K/A PEGGY GREEN
A/K/A FEIGE GRUN, and entered in the Office of the Kings County Clerk on August 19, 2016;

**NOW, UPON MOTION OF THE LAW OFFICES OF JASON B. SHANBAUM, ESQ.,**
**PLLC,** attorneys for the plaintiff, it is:

**ADJUDGED,** that the Plaintiff HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ, with an address 1444 45th Street, 3rd Floor, Brooklyn New York 11219, is entitled to
judgment and does recover from Defendant FAIGE GREEN A/K/A FEIGE GREEN A/K/A FIEGI
GREEN. A/K/A FLORENCE GREEN A/K/A FLORA GREEN A/K/A FAIGY KIRSCH A/K/A
FLORENCE KIRSCH  A/K/A FLORA KIRSCH A/K/A PEGGE GREEN A/K/A PEGGY GREEN
A/K/A FEIGE GRUN, with a residential address at 1256 48th Street Brooklyn, NY 11219, whereby the
Defendant is liable for the sum of One Hundred and Fifty Thousand Dollars ($150,000.00), with 9%

3539886

interest thereon from July 19, 2015 in the sum of $14,905.48, plus costs and disbursements in the sum of $566.82 as taxed, making a total amount of **$165,472.30** and that Plaintiff shall have execution therefore.

**Dated:** Brooklyn, New York

August 25, , 2016.

Kings County Clerk

KINGS COUNTY CLERK
FILED
2016 AUG 25 PM 3:00

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X
In The Matter of the Arbitration of Certain                                 Index No: 514472/2016~~~~~  2015
Controversies between HENTCHY DASKALOWITZ
A/K/A HELEN DASKALOWITZ

                                        Plaintiff,

                   -against-                                 **BILL OF COSTS**

· FAIGE GREEN A/K/A FEIGE GREEN A/K/A
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A FLORA          Defendant's Address
GREEN A/K/A FAIGY KIRSCH A/K/A FLORENCE KIRSCH        1256 48th Street
A/K/A FLORA KIRSCH A/K/A PEGGE GREEN A/K/A           Brooklyn, NY 11219
PEGGY GREEN A/K/A FEIGE GRUN

                               Defendants.
-------------------------------------------------------------------------X
**COSTS:**
Service of Process- $171.82 (Invoice Attached)                          $ 171.82

**DISBURSEMENTS**
Index Number – CPLR 8018                                                $ 210.00
Motion-(reasonable and necessary expenses of party or upon court's initiative) CPLR 8301(b)    $  90.00
Request for Judicial Intervention                                       $  95.00
                                      **Total: $ 566.82**

**Attorney's Affirmation**
STATE OF NEWYORK)
           )ss:
COUNTY OF KINGS   )

     The undersigned, Jason B. Shanbaum, Esq. an attorney duly admitted to practice law in the courts of the
State of New York, hereby affirms the following under penalty of perjury:

     I am the attorney for the plaintiff, HENTCHY DASKALOWITZ A/K/A HELEN DASKALOWITZ and as
such, am fully familiar with the facts and circumstances of the above captioned action; that the foregoing costs are
· correct and were necessarily incurred in this action and are reasonable in amount; and that the services for which
fees have been charged were actually and necessarily performed and are reasonable in amount.

Dated:  Brooklyn, New York
        August 25, 2016                         LAW OFFICES OF JASON B. SHANBAUM, PLLC

                                          /s/ Jason B. Shanbaum

                                        Jason B. Shanbaum
                                        Law Offices of Jason B. Shanbaum
                                        1204 Coney Island Ave, Suite 100
                                        Brooklyn, NY 11230
                                        Cell: 718-440-4904

Costs are taxed in the amount of $_____ and are included in the Judgment.

Dated:_____ ~~Costs at~~ $ •56.82
        This 25th day of August 20 16                    Clerk of the Court

        Nancy J. Surd
        Clerk of Court Kings County

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

In the matter of the Arbitration of certain controversies between
HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ

Index No. **514472/2015**

Petitioner,

**NOTICE OF ENTRY**

-against-

FAIGY GREEN A/K/A FEIGE GREEN A/K/A
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A FLORA
GREEN A/KA FAIGY KIRSCH A/K/A FEIGE KIRSCH
A/K/A FIEGI KIRSCH A/K/A FLORENCE KIRSCH A/K/A
FLORA KIRSCH A/K/A PEGGE GREEN A/K/A PEGGY
GREEN A/KA FEIGE GRUN

Respondent.

-----------------------------------------------------------------------X

State of New York        )
                         ) ss:
County of Kings          )

## AFFIRMATION OF SERVICE

JASON B. SHANBAUM, an attorney duly admitted to practice law before the courts of
the State of New York, hereby affirms the following to be true:

That on September 7, 2016, I served the within NOTICE OF ENTRY on:

To:    Joshua Bronstein, Esq.
       225 East 57th Street, Suite 20D
       New York, NY 10022
       and 1216 48th Street
       Brooklyn, NY 11219
       Joshua_bronstein@counsellor.com
       (via NY ECF)

A true copy thereof enclosed in a post-paid wrapper in an official depository under the
exclusive care and custody of the U.S. Postal Service within New York State and by email.

Dated: Brooklyn, NY
       August 7, 2016

Jason B. Shanbaum, Esq.

**Sworn to before me on this**
**___th Day of _____ 2016**

_____
Notary Public

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
In the matter of the Arbitration of certain controversies
between HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ

Index No. **514472/2015**

                    Petitioner,

**NOTICE OF ENTRY**

        -against-

FAIGY GREEN A/K/A FEIGE GREEN A/K/A
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A
FLORA GREEN A/KA FAIGY KIRSCH A/K/A FEIGE
KIRSCH A/K/A FIEGI KIRSCH A/K/A FLORENCE
KIRSCH A/K/A FLORA KIRSCH A/K/A PEGGE
GREEN A/K/A PEGGY GREEN A/KA FEIGE GRUN

                    Respondent.
------------------------------------------------------------------------X

### NOTICE OF ENTRY

LAW OFFICES OF JASON B. SHANBAUM
Attorney for Defendants
1683 East 15th Street, Suite 200
Brooklyn, NY, 11229
(718) 208-2334

CERTIFICATION

I hereby certify that all of the papers that I have served, filed or submitted to the court in this
action are not frivolous as defined in subsection (c) of Section 130-1.1. of the rules of the Chief
Administrator of the courts.

Rule 130-1.1

Jason B. Shanbaum, Esq.

# EXHIBIT

# H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
In the matter of the Arbitration of certain controversies between
HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ

                              Petitioner,                    Index No. 514472/2015

          -against-

                                                            **AFFIRMATION OF**
FAIGY GREEN A/K/A FEIGE GREEN A/K/A                          **EMERGENCY**
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A FLORA
GREEN A/KA FAIGY KIRSCH A/K/A FEIGE KIRSCH
A/K/A FIEGI KIRSCH A/K/A FLORENCE KIRSCH A/K/A
FLORA KIRSCH A/K/A PEGGE GREEN A/K/A PEGGY
GREEN A/KA FEIGE GRUN

                              Respondent.
--------------------------------------------------------------------X

        JASON B. SHANBAUM ESQ, an attorney duly admitted to practice before the Courts of the
State of New York affirms the following under penalties of perjury:

        1.      I am the attorney for the Petitioner, HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ ("Petitioner") herein and make this affirmation in support of the within Order to Show
Cause as I am fully familiar with the facts of the proceeding.

        2.      I make this affirmation of emergency to explain the need for a TRO. The Respondent,
FAIGY GREEN et al. ("Respondent") is indebted to the Petitioner as a result of an arbitration award in
the amount of $150,000.00. The Arbitration Award arises out of the misappropriated share of sale
proceeds by the Respondent that was due to the Petitioner. However, the Respondent has not honored the
Arbitration Award.

        3.      Unless a TRO is entered enjoining the Respondent from transferring the real property
located at 1256 48th Street, Brooklyn, New York, (Block 5634, Lot 29), the Respondent could transfer the
real property and will no longer be able to pay the Arbitration Award and it will become impossible to
enforce the Arbitration Award.

        4.      Additionally, because the Respondent is insolvent, under Debtor Creditor Law 278 and
279, Petitioner is entitled to restrain the transfer of the real property.

                                              5

5.    Statement pursuant to CPLR 2217(b): No prior application for similar relief has previously been made.

6.    Statement pursuant to UCR 202.7(f): On December __, 2015 at __ P.M., I notified Respondent by mail / email, that this application would be presented on December __, 2015 at ___ P.M.. I then spoke to Respondent, who advised me that she knows about the time and place of this application. T

Dated: Brooklyn, NY
          December 15, 2015

_____
JASON B. SHANBAUM, Esq.

# EXHIBIT

I

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index # 514472/2015

-------------------------------------------------------------------------X

In the matter of the Arbitration of certain
controversies between
HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ

                         Petitioner

                                    **AFFIRMATION**

     -against-

FAIGY GREEN A/K/A FEIGE GREEN A/K/A
FEIGI GREEN A/K/A FLORENCE GREEN A/K/A
FLORA GREEN A/K/A FAIGY KIRSCH A/K/A
FEIGE KIRSCH A/K/A FIEGI KIRSCH A/K/A
FLORENCE KIRSCH A/KA/ FLORA KIRSCH
A/K/A PEGGE GREEN A/K/A PEGGY GREEN
A/K/A FEIGE GRUN

                         Defendant(s)

-------------------------------------------------------------------------X

JOSHUA BRONSTEIN, an attorney at law, affirms the following under the
penalties of perjury:

    1. I am the attorney for the defendant Feige Green having just
       been retained, am fully familiar with the facts, and make this
       affirmation in opposition to both motions pending before this
       Court.

2. In reviewing the action with my client, I ascertained the following facts.

3. The annexed affidavit of Feige Green sets forth the basis of the instant action.

4. Without discussing the merits of each motion, suffice to say that the entire action must be dismissed as same existed prior to Feige Green filing a Chapter 7 Petition in Bankruptcy, which was filed on August 9, 2013 and a Discharge granted on November 20, 2013.

WHEREFORE, it is respectfully requested that both motion be denied and the action be dismissed.

Dated: August 16, 2016

Joshua Bronstein

Form B18 (Official Form 18)(12/01/2007)

# United States Bankruptcy Court

Eastern District of New York
271−C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

IN RE:                                                              CASE NO: 1−13−44897−ess

Feige Green

1256 48th Street
Brooklyn, NY 11219

Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address.

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                CHAPTER: 7

xxx−xx−6529

DEBTOR(s)

# DISCHARGE OF DEBTOR(S)

It appearing that the debtor(s) is entitled to a discharge,

**IT IS ORDERED**:

The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: November 20, 2013                       s/ Elizabeth S. Stong
                                               United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXHIBIT

# J

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

In the matter of the Arbitration of certain controversies between          Index No. **514472/2015**
HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ

                      Petitioner,          **AFFIRMATION IN SUPPORT**
                                      **OF PETITIONER'S REPLY**
     -against-          **TO RESPONDENT'S**
                                      **OPPOSITION PAPERS**

FAIGY GREEN A/K/A FEIGE GREEN A/K/A
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A FLORA
GREEN A/KA FAIGY KIRSCH A/K/A FEIGE KIRSCH
A/K/A FIEGI KIRSCH A/K/A FLORENCE KIRSCH A/K/A
FLORA KIRSCH A/K/A PEGGE GREEN A/K/A PEGGY
GREEN A/KA FEIGE GRUN

                      Respondent.

-----------------------------------------------------------------------X

     Jason Shanbaum, an attorney duly admitted to practice in the courts of the State of

New York, affirms the following under the penalty of perjury according to the best of my

knowledge and good faith belief:

     1. I am a member of the law firm The Law Offices of Jason B. Shanbaum, PLLC,

attorneys for Hentchy Daskalowitz A/K/A Helen Daskalowitz (the "Petitioner").

     2. Respondent in this instant case is Faigy Green a/k/a Feige Green a/k/a Fiegi

Green a/k/a Florence Green a/k/a Flora Green a/k/a Faigy Kirsch a/k/a Feige Kirsch a/k/a

Fiegi Kirsch a/k/a Florence Kirsch a/k/a Flora Kirsch a/k/a Pegge Green A/K/A Peggy

Green a/k/a Feige Grun (the "Respondent").

     3. I submit this affirmation in support of Petitioner's Reply to Respondent's

opposition to Petitioner's Verified Petition for judgment pursuant to CPLR 7510

confirming the award of the arbitrators and directing that judgment be entered thereon and

in support of Petitioner's Reply to Respondent's opposition to Petitioner's Order to Show

Cause to restrain Respondent (hereinafter "Respondent's Opposition Papers").

4. In the Respondent's Opposition Papers, Respondent alleges that since Respondent received a Bankruptcy Discharge Order on November 20, 2013 and since the instant claim in this case arose prior to Respondent's Bankruptcy Petition that the Petition to confirm the arbitration award and Stay should be dismissed.

5. First, upon information and belief and according to the attached Exhibit "A" to this Reply, Respondent's Bankruptcy Petition and Respondent's Bankruptcy Discharge Order do not list, name or claim Petitioner or Petitioner's claims on any list of bankruptcy creditors. In Respondent's Opposition Papers, Respondent attaches as her Exhibit "A" a copy of Respondent's Bankruptcy Order but does not attach the further pages which list the names of the creditors discharged. Please see attached to this Reply, as "Exhibit A", copies of the further pages to Respondent's Bankruptcy Order which does not list or claim Petitioner as a creditor to be discharged in bankruptcy or list as having any claims to be discharged. Therefore, according to information and belief and evidence presented in the Exhibit "A" to this Reply the bankruptcy court never discharged Petitioner nor Petitioner's claims in Respondent's Bankruptcy proceeding. Therefore, Respondent's argument in Respondent's Opposition Papers that this instant case should be dismissed due to bankruptcy should be denied.

6. Furthermore, Petitioner's claim against Respondent took place in 2015 after Respondent's bankruptcy discharge in 2013. Petitioner made a claim against Respondent on or about January 13, 2015, by suing Respondent in Rabbinical Court, as an arbitrator. Respondent's Bankruptcy Petition and Order took place before in 2013. Respondent agreed to resolve Petitioner's claims in 2015 by signing the Arbitration Agreement and submitting herself to arbitration.

7. Therefore, Respondent's argument in Respondent's Opposition Papers that Petitioner's claims were discharged should be denied because Petitioner's 2015 claims were asserted after the 2013 Bankruptcy Petition and Order.

8. Finally, Respondent waived the right to use her bankruptcy discharge as a defense or means to dismiss Petitioner's claims in this instant action because Petitioner submitted herself to Rabbinical Court Arbitration, signed an arbitration agreement on or about January 13, 2015, and failed to present to the Rabbinical Court, as Arbitrator, at any point in the arbitration process, any dismissal claim or defense claim of bankruptcy discharge.

9. To explain, the Petitioner and Respondent entered into an arbitration agreement to arbitrate certain claims and matters, a copy of which was annexed in the duly filed Verified Petition as Exhibit "A", which set forth Respondent's submission to the arbitrator to arbitrate and decide and any and all matters claimed by Petitioner. Thereafter, at a time and place appointed, the Arbitrator proceeded to hear proofs of the Petitioner, and Respondent. On or about the 19th day of July 2015, after the said Arbitrator had completed its investigations and studies of all the facts and circumstances, elements, and proofs entering into the controversy so submitted to them as aforesaid, and after they had considered all the evidence and arguments submitted by the parties to said Arbitration Agreement, having come to a unanimous decision, made its award in writing duly signed and acknowledged on the 19th day of July, 2015, a copy of which was annexed as Exhibit "B" to the Verified Petition already submitted (with certified English translation) whereby it determined and awarded the Petitioner herein, *inter alia*, the following: the Respondent is obligated to pay the Petitioner One Hundred and Fifty Thousand Dollars ($150,000.00).

3

10. In the Arbitration Agreement, Respondent agreed to uphold any and all decisions of the Rabbinical Court as arbitrator.

11. According to the Rabbinical Court Arbitrator, at no point during the arbitration process, arbitration agreement submission, deliberations and/or proceedings, did the Respondent ever raise the defense that the claims by Petitioner could be, should be, or were dismissed or were dismissable, due to Respondent's bankruptcy discharge. Please see attached to this Reply as Exhibit "B" a copy of an email correspondence from the Arbitrator on August 17, 2016, confirming that Respondent never asserted bankruptcy during arbitration. The Arbitrator, Rabbi Zev Knopfler states in the email: "[N]ever did Mrs. Green make a defense of bankruptcy during the deliberations. I am affirming the above, and stand behind this statement which may be used in court[.]"

12. By submitting to arbitration, signing the arbitration agreement and not claiming the bankruptcy discharge during the process in which Respondent submitted to arbitrate Petitioner's claims, Respondent waived her right to use the bankruptcy discharge now, at this point, as a defense, or means, for dismissal, because this instant case seeks to confirm the Rabbinical Court's Arbitration Award.

13. Furthermore, by not claiming the bankruptcy discharge during the deliberations and investigations of the arbitration, Respondent waived her right to use the bankruptcy discharge, now, at this point, as a defense, or means, for dismissal, because this instant case seeks to confirm the Rabbinical Court's Arbitration Award.

14. For the foregoing reasons the Respondent's reply or defense that case should be dismissed due to bankruptcy discharge should be denied.

WHEREFORE, it is respectfully requested that this Court deny Respondent's Opposition Papers, confirm said Arbitration Award in Petitioner's favor, direct that judgment be entered in this Court, together with expenses incurred enforcing the Arbitration award and, attorneys fees, costs and disbursements as taxed, grant Petitioner's Stay and other relief in Petitioner's Order to Show Cause, and that Petitioner may have such other and further relief as to the Court may deem proper.

Dated: Brooklyn, New York
August 17, 2016

LAW OFFICES OF JASON B. SHANBAUM, PLLC

By: Jason B. Shanbaum, Esq.
Attorneys for the Petitioner
1204 Coney Island Avenue Suite 100
Brooklyn, New York 11230
(718) 440-4904

5

# EXHIBIT "A"

Form B18 (Official Form 18)(12/01/2007)

# United States Bankruptcy Court

Eastern District of New York
271−C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

IN RE:                                                                          CASE NO: 1−13−44897−ess

Feige Green

1256 48th Street
Brooklyn, NY 11219

Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address.

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                    CHAPTER: 7

xxx−xx−

                              DEBTOR(s)

---

## DISCHARGE OF DEBTOR(S)

It appearing that the debtor(s) is entitled to a discharge,

### IT IS ORDERED:

The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).


BY THE COURT

Dated: November 20, 2013                        s/ Elizabeth S. Stong
                                                United States Bankruptcy Judge


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# Notice Recipients

District/Off: 0207-1

Case: 1-13-44897-ess

User: admin

Form ID: 253

Date Created: 11/20/2013

Total: 28

**Recipients of Notice of Electronic Filing:**

tr      John S. Pereira      pereiraesq@pereiralaw.com

aty     Maxim Maximov     mmaximov@mmaximov.com

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db     Feige Green    1256 48th Street    Brooklyn, NY 11219

smg    NYS Department of Taxation &Finance    Bankruptcy Unit    PO Box 5300    Albany, NY 12205

smg    NYC Department of Finance    345 Adams Street, 3rd Floor    Attn: Legal Affairs – Devora Cohn    Brooklyn, NY 11201

smg    NYS Unemployment Insurance    Attn: Insolvency Unit    Bldg. #12, Room 256    Albany, NY 12240

smg    Office of the United States Trustee    Eastern District of NY (Brooklyn Office)    U.S. Federal Office Building    201 Varick Street, Suite 1006    New York, NY 10014

8125319    Advanta Bank Corp    PO BOX 8088    Philadelphia, PA 19101

8125320    Argent Sherman    c/o THE CBE Group    131 Tower Park Dr    Waterloo, IA 50704

8113032    Atlas Acquisitions LLC    294 Union St.    Hackensack, NJ 07601

8125323    Bank of America    4161 Piedmont Pkwy    Greensboro, NC 27410

8125321    Bank of America    PO Box 26078    Greensboro, NC 27420

8125322    Bank of America    PO Box 982238    El Paso, TX 79998

8111993    CITIBANK (SOUTH DAKOTA)NA    701 E 60 ST N    Sioux Falls, SD 57117

8125324    Capital One    c/o Malen &Assos    123 Frost Street    Westbury, NY 11590

8111990    Capital one    PO Box 30281    Salt Lake city, UT 84130

8125326    Chase    P.o. Box 1200    Hicksville, NY 11801

8111992    Chase    PO Box 15298    Wilmington, DE 19850

8111991    Chase    c/o Helfand and Helfand    350 Fifth Avenue, ste 282    New York, NY 10118

8125325    Chase    c/o Helfand and Helfand    350 Fifth Avenue, ste 282    New York, NY 10118

8125327    CitiCards CBNA    PO Box 6241    Sioux Falls, SD 57117

8111994    Discover    PO Box 15316    Wilmington, DE 19850

8125328    HSBC    PO Box 5253    Carol Stream, IL 60197

8116575    JPMorgan Chase Bank, N.A.    c/o Helfand &Helfand    350 Fifth Avenue, Suite 5330    New York, NY 10118    Attn: Andrew B. Helfand, Esq.

8125329    NYC Finance    59 Maiden Lane    19th Floor    New York, NY 10038

8125330    NYC Water Board    PO Box 410    Church Street Station    New York, NY 10008

8121706    New York City Water Board    Department of Environmental Protection    Andrew Rettig, Assistance Council    59-17 Junction Blvd, 13th Floor    Flushing NY 11373-5108

8125331    Sears    PO Box 183082    Columbus, OH 43218

TOTAL: 26

# EXHIBIT "B"

## Jason Shanbaum

| | |
|---|---|
| **From:** | dintorahadvice@gmail.com |
| **Sent:** | Wednesday, August 17, 2016 2:11 PM |
| **To:** | Jason Shanbaum |
| **Subject:** | Re: Confirmation of Bais Din Award; Index No. 514472/15, In the Matter of Certain Controversies between Hentchy Daskalowitz v. Faigy Green |

As I have no printer here at my vacation home, I am replying in confirmation of your attached letter - never did Mrs. Green make a defense of bankruptcy during the deliberations. I am affirming the above, and stand behind this statement which may be used in court.

Respectfully yours,

Zev Knopfler

נשלח מן הטלפון שלי.

**From:** Jason Shanbaum
**Sent:** Wednesday, August 17, 2016 1:59 PM
**To:** Din Torah Advice
**Reply To:** jason@lawofficejasonshanbaum.com
**Cc:** V ictor Kahan
**Subject:** Confirmation of Bais Din Award; Index No. 514472/15, In the Matter of Certain Controversies between Hentchy Daskalowitz v. Faigy Green

Dear Rabbi Kahan and Rabbi Knopfler:

With regards to the subject arbitration matter already decided in my client Helen Daskalowitz's favor, please be advised that Faigy Green is now further disputing the arbitration psak's confirmation in secular court by claiming that it was discharged in bankruptcy. Please see the attached letter that I ask that you review sign, if true, confirming that at no point in the deliberations for the bais din matter that Faige Green made any defense for bankruptcy. Please see the attached letter. The court case is tomorrow so I would ask that if acceptable to you that you sign and email back to me today to show to the judge tomorrow.

Thank you

Jason Shanbaum

718-440-4904

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------X

In the matter of the Arbitration of certain controversies            Index No.
between HENTCHY DASKALOWITZ A/K/A HELEN
DASKALOWITZ                                                          Date Purchased:

                                   Petitioner,

        -against-

FAIGY GREEN A/K/A FEIGE GREEN A/K/A
FIEGI GREEN A/K/A FLORENCE GREEN A/K/A
FLORA·GREEN A/KA FAIGY KIRSCH A/K/A FEIGE
KIRSCH A/K/A FIEGI KIRSCH A/K/A FLORENCE
KIRSCH A/K/A FLORA KIRSCH A/K/A PEGGE
GREEN A/K/A PEGGY GREEN A/KA FEIGE GRUN

                                   Respondent.

------------------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION PAPERS

LAW OFFICES OF JASON B. SHANBAUM
Attorney for Petitioner
1204 Coney Island Avenue, Suite 100
Brooklyn, New York 11229
(718) 208-2334

# EXHIBIT

# K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------------------X

In the matter of the Arbitration of certain controversies
between HENTCHY DASKALOWITZ A/K/A
HELEN DASKALOWITZ

                        Petitioner,

                            Index No.: 514472/2015

            -against-

                            **AFFIRMATION IN
OPPOSITION TO
RESPONDENT**

FAIGY GREEN A/K/A FEIGE GREEN A/K/A FIEGI
GREEN A/K/A FLORENCE GREEN A/K/A FLORA
GREEN A/K/A FAIGY KIRSCH A/K/A FEIGE
KIRSCH A/K/A FIEGI KIRSCH A/K/A FLORENCE
KIRSCH A/K/A FLORA KIRSCH A/K/A PEGGE
GREEN A/K/A PEGGY GREEN A/K/A FEIGE GRUN

                    Respondents.

---------------------------------------------------------------------------X

      Jason Shanbaum, an attorney duly admitted to practice in the courts of the State of

New York, affirms the following under the penalty of perjury according to the best of my

knowledge, information provided to me and good faith belief:

      1.  I am a member of the law firm The Law Offices of Jason B. Shanbaum, PLLC,

attorneys for Petitioner HHENTCHY DASKALOWITZ A/K/A HELEN DASKALOWITZ

(the "Petitioner").

      2.  I submit this affidavit in opposition of the Respondent's motion for an

application to renew/reargue the decision of Justice Bernand Graham because the

Respondent has not met the statutory requirements under CPLR 2221.

      3.  Under CPLR 2221(d) "A motion for leave to reargue:

      1. shall be identified specifically as such;

      2. shall be based upon matters of fact or law allegedly overlooked or

1

misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and

3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. This rule shall not apply to motions to reargue a decision made by the appellate division or the court of appeals.

4. Here, the motion does not meet CPLR 2221(d)(1) because the motion is specific as both a motion to renew and to reargue, specifically, "renew/reargue", so it is unclear which statutory provision the Respondent is filing under.

5. Furthermore, the motion to reargue does not meet the requirements of CPLR 2221(d)(2), because, as the Respondent's attorneys admit, the issue and fact that Respondent filed bankruptcy on August 9, 2013 and a discharged granted on November 20, 2013, without listing the Petitioner as a Creditor was already presented to the Court. See the attached affirmation of the Respondent's attorney dated August 16, 2016 and the affidavit of the Respondent dated August 16, 2016, Exhibits A and B, respectfully.

6. In support of the motion to reargue, the Respondent's cite to *In Re Mohammed (USBC – Eastern District of New York – Case #13-73191)*. There, the Federal Bankruptcy Court was asked to decide whether a previously undisclosed debt in a Chapter 7 case could be discharged. There, the Court admitted the Second Circuit and the New York State Court of Appeals are both split on this very issue.

7. Regardless, the Respondent's attorney is citing a case that has no baring on this Court's decision to reargue a case. This Petitioner requested this Court to confirm an arbitration award. No issue of fact or law is in dispute as to the existence of the debt.

2

Whether or not the instant debt should be discharged is a question for the Federal Bankruptcy Court of the Eastern District of New York.

8.  Under CPLR 2221(e) "A motion for leave to renew:

1. shall be identified specifically as such;

2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and

3. shall contain reasonable justification for the failure to present such facts on the prior motion.

9.  Here, the motion does not meet CPLR 2221(e)(1) because the motion is specific as both a motion to renew and to reargue, specifically, "renew/reargue", so it is unclear which statutory provision the Respondent is filing under.

10. Furthermore, the motion to reargue does not meet the requirements of CPLR 2221(e)(2), because, the Respondent's motion does not contain new facts not offered on the prior motion that would change the prior determination. The Respondent's attorney is relying on the fact that the Respondent filed for bankruptcy. Nor does the Respondent's attorney demonstrate that there has been a change in the law that would change the prior determination. The Respondent's attorney is citing a 2007 case, that has no relevance to confirming an arbitration award.

11. Under CPLR 2221(f) "A combined motion for leave to reargue and leave to renew shall identify separately and support separately each item of relief sought. The court, in determining a combined motion for leave to reargue and leave to renew, shall decide each part of the motion as if it were separately made. If a motion for leave to reargue or

3

leave to renew is granted, the court may adhere to the determination on the original motion or may alter that determination."

12. Here, the Respondent's attorney failed to delineate whether the instant motion is a request to reargue, a request to renew, and does not specifically designate its claim for relief. Therefore, the Respondent's motion is procedurally defective.

13. The correct procedure for the Respondent's attorney would be to file an appeal of this Court's decision, which has been filed. See attached Notice of Appeal. as Exhibit C

14. For the above reasons, the Respondent's motion should be denied.

15. No previous application for the relief herein prayed for has been made.

WHEREFORE, it is respectfully requested that this Court grant an order denying the Respondent's motion to renew/reargue, together with granting such other and further relief as this Court deems just, proper and equitable.

Dated: Brooklyn, New York
October 26, 2016

LAW OFFICES OF JASON B. SHANBAUM, PLLC

Yours etc.
By: Jason B. Shanbaum, Esq.
Attorneys for the Plaintiff
1204 Coney Island Avenue
Brooklyn, New York 11230
(718) 440-4904

4

# EXHIBIT

# L



# MARTIN A. BIENSTOCK

### Badge No. 75

36-35 Bell Boulevard
P.O. Box 610700
Bayside, N.Y. 11361-0700
FAX: 718-423-0014

(718) 279-3774

February 13, 2019

GREEN, FAIGE
FAIGY GREEN
1256 48TH STREET
BROOKLYN NY 11219

**JUDGMENT CREDITOR**

HENTCHY DASKALOWITZ
A/K/A HELEN DASKALOWITZ

**VS**

GREEN, FAIGE
FAIGY GREEN

**JUDGMENT DEBTOR**

# NOTICE OF GARNISHMENT

Please take notice that a judgment has been entered against the above named judgment debtor. Pursuant to the **INCOME EXECUTION** delivered to me, you are required to make arrangements and have your first payment in my office within 20 days from the above date. Upon your default, a copy of this execution will be served upon any person (corporation, etc.) from whom you are receiving or will receive money and will result in additional costs to you.

| | |
|---|---|
| JUDGMENT . . . . . . . . | $165,472.30 |
| STATUTORY MARSHAL FEES | $0.00 |
| POUNDAGE . . . . . . | $10,113.16 |
| EXPENSE. . . . . . . . | $6.51 |
| INTEREST . . . . . . . | $36,784.49 |
| **TOTAL**. . . . . . . . | $212,376.46 |

IN ADDITION, INTEREST FROM 02/13/19 will be calculated on a daily basis. You will be notified of the final balance due when your payments approach completion.

ALL PAYMENTS SHOULD BE MARKED
WITH YOUR NAME AND THIS DOCKET NUMBER:

**B303630**

and be made payable to:

**MARTIN A. BIENSTOCK**
**City Marshal - Badge No.75**

# EXHIBIT

# M

# MARTIN A. BIENSTOCK

## Badge No. 75

**Marshal City of New York**

36-35 Bell Boulevard
P.O. Box 610700
Bayside, N.Y. 11361-0700
FAX: 718-423-0014

(718) 279-3774

March 6, 2019

OHR SHRAGA DVERETSKY
1102 AVENUE L
BROOKLYN NY 11230

**JUDGMENT CREDITOR**
HENTCHY DASKALOWITZ
A/K/A HELEN DASKALOWITZ
**VS**
GREEN, FAIGE
A/K/A FAIGY GREEN
XXX-XX-6529
**JUDGMENT DEBTOR**

## INCOME EXECUTION - NOTICE OF LEVY PURSUANT TO SEC. 5231 OF THE CPLR

Please take notice that the enclosed Income Execution is a levy on the salary, wages, earnings, commissions, etc of the Judgment Debtor (your employee) and you are required immediately to deduct and remit 10% of the gross salary, wages, earnings, commissions, etc.

Keep the Income Execution for your files. Do not return same under any circumstances. If there is a prior Income Execution against the Judgment Debtor, keep this one on file until completion of the prior and then start remitting on this Income Execution. If the employee resigns and later is rehired, the Income Execution is still in effect unless the Marshal advises you to the contrary in writing. Do not release, suspend or accept instructions from anyone but the Marshal.

#### This Income Execution only applies if the judgment debtor works within the State of New York.

THIS OFFICE DESIRES TO CAUSE YOU AS LITTLE ANNOYANCE AS POSSIBLE, THEREFORE PLEASE FILL OUT THE FORM BELOW AND RETURN.

ALL PAYMENTS MUST BE MADE ONLY TO:
**MARTIN A. BIENSTOCK, City Marshal**
36-35 Bell Boulevard, Bayside, N.Y. 11361

FINAL STATEMENT OF INTEREST
WILL BE RENDERED WHEN
PAYMENTS APPROACH COMPLETION

**IMPORTANT:** JUDGMENT DEBTOR'S NAME AND THIS #: **B303630** MUST APPEAR ON ALL PAYMENTS IN ORDER TO RECEIVE PROPER CREDIT.

| | |
|---|---|
| JUDGMENT | $165,472.30 |
| STATUTORY MARSHAL FEES | $10.00 |
| POUNDAGE | $10,156.85 |
| EXPENSE | $12.11 |
| FILING FEE | $0.00 |
| INTEREST TO DATE | $37,642.77 |
| TOTAL | $213,294.03 |

In addition, interest from 03/06/19 will be calculated and when payments approach completion, you will be notified of the final balance due. Please fill out and return the attached form.



# MARTIN A. BIENSTOCK
## Badge No. 75

**Marshal City of New York**

36-35 Bell Boulevard
P.O. Box 610700
Bayside, N.Y. 11361-0700
FAX: 718-423-0014

**PLEASE FILL OUT THIS FORM
SIGN AND RETURN PROMPTLY TO:**

**MARTIN A. BIENSTOCK, Marshal
36-35 Bell Boulevard
Bayside, N.Y. 11361**

Creditor: **HENTCHY DASKALOWITZ**
Debtor: **GREEN, FAIGE A/K/A FAIGY GREEN**
Docket #: **B303630**

1. We will remit:  every two weeks ( )    once a month ( )

2. You may expect initial payment by: _____

3. Prior Income Execution on file with us as follows:

|                  | Prior No. 1 | Prior No. 2 | Prior No. 3 |
|------------------|-------------|-------------|-------------|
| Marshal          |             |             |             |
| Date Received By |             |             |             |
| Creditor         |             |             |             |
| Amount           |             |             |             |
| Balance          |             |             |             |

4. Judgment Debtor works within the State of New York:
   YES ( )
   NO  ( ) If no, do not honor, indicate City/State _____

IF NO LONGER EMPLOYED, PLEASE NOTIFY MARSHAL'S OFFICE ON YOUR BUSINESS
STATIONERY STATING THE LAST DATE OF EMPLOYMENT

Employer: _____

Address: _____

By: _____

Title: _____

Phone: (____) ____-____

439—Income Execution, CPLR § 5231.     5 blanks suggested: original and office copy; two copies for debtor     ©2018 by Blumberg Excelsior, Publisher, NYC 11241
Blank Court, 4-18                and one for garnishee if officer cannot serve personally                        www.blumberg.com

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

Index No. 514472/2015

Judgment Creditor(s)
HENTCHY DASKALOWITZ A/K/A HELEN DASKALOWITZ    RECEIVED

B303630

2019 JAN 31    p**Income Execution**

Judgment Debtor(s) (name and last known address)

MARTIN A. BIENSTOCK
CITY MARSHALL**The People of the State of New York**

Faige Green A/K/A Feige Green A/K/A Feigi Green
A/K/A Florence Green A/K/A Flora Green A/K/A
Falgy Kirsch A/K/A Florence Kirsch A/K/A Flora Kirsch
A/K/A Pegga Green A/K/A Peggy Green A/K/A Feige Grün

**TO THE ENFORCEMENT OFFICER, GREETING:**

*The Enforcement Officer is the Sheriff, Marshal of the City, or Constable of the*
*Town or Village authorized by law to enforce income executions.*

A judgment was entered in the within court in favor of the Judgment Creditor(s) and the particulars are as follows:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| SUPREME COURT OF NEW YORK, KINGS COUNTY | 8/25/2016 | $165,472.30 | $165,472.30 | 8/25/2016 |

The Judgment was recovered against    FAIGE GREEN    defendant(s)
and transcripted with the Clerk of    KINGS    County on 8/25/2016

This execution is issued against    FAIGE GREEN A/K/A FAIGY GREEN
whose last known address is    1256 48th Street, Brooklyn, NY 11219
whose social security number is    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    and who is receiving or will receive $ UNKNOWN
for each    UNKNOWN    pay period from the Employer "Employer," herein, includes any payor of money to Judgment
Debtor. The Employer's name and address is    OHR SHRAGA DVERETSKY
1102 AVENUE L, BROOKLYN, NY 11230

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR § 5231.

**Directions to Judgment Debtor:** You are notified and commanded immediately to start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so within 20 days this Income Execution will be served upon the Employer by the Enforcement Officer.

**Directions to the Employer:** You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied.

Dated JANUARY 4, 2019

The name signed must be printed beneath

JASON B. SHANBAUM, ESQ.

Attorney(s) for Judgment Creditor(s) HENTCHY DASKALOWITZ A/K/A HELEN DASKALOWITZ
Office and Post Office Address

LAW OFFICES OF JASON B. SHANBAUM, PLLC, 1204 CONEY ISLAND AVE., STE. 100,
BROOKLYN, NY 11230

# Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules § 5231 and 15 United States Code§ 1671 et seq.

## I. Limitations on the amount that can be withheld

A. An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. If a judgment debtor's weekly disposable earnings are less than *the greater of* thirty (30) times the current federal minimum wage ($7.25*    per hour, or $217.50*    ) *or the New York State minimum wage *(    per hour or    ) no deduction can be made from the judgment debtor's earnings under this income execution.

C. A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times *the greater of* the current federal minimum wage ($7.25*    per hour, or $217.50*    ) *or the New York State minimum wage *(    per hour or    ) under this income execution.

D. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

E. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent (25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earnings under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

**NOTE: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

## II. Explanation of limitations

### Definitions

**Disposable Earnings** – Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

**Gross Income** – Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

| Illustrations regarding earnings: | Amount to pay or deduct from earnings |
|---|---|
| **If disposable earnings is:** | **under this income execution is:** |
| (a) 30 times *the greater of* the federal minimum wage ($217.50* ) *or the New York State minimum wage* *( ) or less | No payment or deduction allowed. |
| (b) more than 30 times *the greater of* the federal minimum wage ($217.50* ) *or the New York State minimum wage* *( ) and less than 40 times *the greater of* the federal minimum wage ($290.00* ) *or the New York State minimum wage* *( ) | The lesser of: the excess over *the greater of* 30 times the federal minimum wage ($217.50* ) *or the New York State minimum wage* *( ) in disposable earnings, or 10% of gross earnings. |
| (c) 40 times *the greater of* the federal minimum wage ($290.00* ) *or the New York State minimum wage* *( ) or more | The lesser of: 25% of disposable earnings or 10% of gross earnings. |

## III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR § 5231 (i) and CPLR § 5240.

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

**CPLR § 5231 (i) Modification.** At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

**CPLR § 5240 Modification or protective order: supervision of enforcement.** At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of income executions.

*Based upon $7.25 federal minimum wage effective July 24, 2009 and the various New York State minimum wages effective December 31, 2016. Calculate and insert correct figures based on the minimum wage chart attached.

Note: Italicized language added by publisher in accordance with revisions to CPLR § 5231 (b) effective 1/1/16.

NOTICE: *(CPLR § 5230 property execution notice may be technically required by CPLR § 5231(a).)*

Pursuant to CPLR § 5205(l), $2,850 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR § 5205(l)(2), is exempt from execution and the garnishee cannot levy upon or restrain $2,850 in such an account.

Pursuant to CPLR § 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in Labor Law § 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

### Return (for Sheriff's or Marshal's use only)

☐ Fully satisfied ........................................ 20.............    ☐ Unstatisfied

☐ Partially satisfied ................................... 20.............    $........................................

☐ Because I was unable to find the Garnishee (the Employer) within my jurisdiction I returned this Income Execution to Judgment Creditor's Attorney on ........................................ 20.............

Date and time received:

☐ Marshal, City of ........................................
☐ Sheriff, County of ........................................
☐ Constable of the    ☐ Town    ☐ Village of ........................................

# NEW YORK STATE MINIMUM WAGES

## Fast Food Workers and Workers for New York State

| Date | New York City | Rest of the State |
|------|---------------|-------------------|
| 12/31/2015 | $10.50 | $9.75 |
| 12/31/2016 | 12.00 | 10.75 |
| 12/31/2017 | 13.50 | 11.75 |
| 12/31/2018 | 15.00 | 12.75 |
| 12/31/2019 | | 13.75 |
| 12/31/2020 | | 14.50 |
| 07/01/2021 | | 15.00 |

## SUNY Workers

| Date | |
|------|------|
| 02/01/2016 | $10.50 |
| 12/31/2016 | 12.00 |
| 12/31/2017 | 13.50 |
| 12/31/2018 | 15.00 |

## Workers in All Industries

| Date | New York City | Nassau, Suffolk & Westchester | Rest of State |
|------|---------------|-------------------------------|---------------|
| 12/13/2015 | $ 9.00 | $ 9.00 | $ 9.00 |
| 12/31/2016 | 11.00 | 10.00 | 9.70 |
| 12/31/2017 | 13.00 | 11.00 | 10.40 |
| 12/31/2018 | 15.00 | 12.00 | 11.10 |
| 12/31/2019 | | 13.00 | 11.80 |
| 12/31/2020 | | 14.00 | 12.50 |
| 12/31/2021 | | 15.00 | 15.00 |

## New York City Micro Business (10 employees or less)

| Date | |
|------|------|
| 12/31/2016 | $10.50 |
| 12/31/2017 | 12.00 |
| 12/31/2018 | 13.50 |
| 12/31/2019 | 15.00 |

©2016 by Blumberg Excelsior, Inc. Publisher, NYC 11241

BALISOK & KAUFMAN, PLLC
*Attorneys for the Debtor*
251 Troy Avenue
Brooklyn, New York 11213
(718) 928-9607
Joseph Y. Balisok, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | X | |
| In re: | : | |
| | : | Chapter 7 |
| FEIGE GREEN | : | Case No.: 1−13−44897−ess |
| | : | Judge: Stong, Elizabeth |
| Debtor. | : | |
| SS No.: xxx-xx-6529 | : | |
| | X | |

### DEBTOR'S APPLICATION IN SUPPORT OF HER ORDER TO SHOW CAUSE

**Joseph Y. Balisok, Esq.,** an attorney duly admitted to practice before the Courts of the State of New York and United States District Court for the Eastern District of New York, hereby affirms the following under penalty of perjury:

1.      I am the attorney for Debtor for the instant motion, and I am fully familiar with the facts and circumstances upon which this Affirmation is made.

2.      I submit this motion seeking entry of an order (1) reopening this Chapter 7 bankruptcy case, previously closed on December 3, 2013, under 11 U.S.C. § 350(b), Bankruptcy rules 5010 and 9014, and E.D.N.Y. LBR § 5010-1; finding Respondent Hentchy Daskalowitz, a/k/a Helen Daskalowitz and Respondent Law Office of Jason B. Shanbaum (collectively "Respondents") in civil contempt for willfully and knowingly violating the discharge injunction; imposing sanctions on Respondents and awarding Debtor compensatory and punitive damages, attorneys' fees and costs; for a Temporary Restraining Order enjoining the Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief this Court deems

equitable and just; or (2) for an order reopening this case to allow Debtor to file an adversary proceeding against Respondents.

3.      No Prior application seeking the same or similar relief has been made. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## PRELIMINARY STATEMENT

4.      This motion arises from Respondents' malevolent and bad-faith pursuit of an already discharged prepetition debt. Despite having both actual and constructive knowledge of Debtor's Chapter 7 discharge, Respondents vigorously prosecuted a state-court lawsuit seeking to enforce an arbitration award of $150,000 against Debtor for a debt that accrued years before Debtor's initial Chapter 7 filing.

5.      Respondent's conduct is nothing short of egregious; to see this, the Court need look no further than Respondents' state-court submissions, which included both the notice of discharge and admissions that essentially acknowledged that this prepetition debt was discharged. Respondents nonetheless prosecuted the underlying state-court action from inception through judgement.

6.      Debtor now asks this Court to address Respondents' disrespect for this Court and their disregard for bankruptcy law. For the reasons more fully set forth below, Debtor respectfully requests that this Court enter an order (1) reopening this Chapter 7 bankruptcy case, previously closed on December 3, 2013, under 11 U.S.C. § 350(b), Bankruptcy rules 5010 and 9014, and E.D.N.Y. LBR § 5010-1; finding Respondent Hentchy Daskalowitz, a/k/a Helen Daskalowitz and Respondent Law Office of Jason B. Shanbaum (collectively "Respondents") in civil contempt for willfully and knowingly violating the discharge injunction; imposing sanctions on Respondents

and awarding Debtor compensatory and punitive damages, attorneys' fees and costs; for a Temporary Restraining Order enjoining the Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief this Court deems equitable and just; or (2) for an order reopening this case to allow Debtor to file an adversary proceeding against Respondents.

## FACTUAL BACKGROUND

7.      Debtor filed her no-asset Chapter 7 Voluntary Petition with this Court on August 9, 2013. Exhibit A. This Court later issued an Order discharging Debtor under Chapter 7 of the Bankruptcy Code on November 8, 2013. Exhibit B. A final decree of the Chapter 7 discharge was entered, and the proceeding was closed on December 3, 2013. Exhibit C. As a matter of law, this discharge operated to discharge the subject debt that accrued before the filing of the petition.

8.      In 2003, several years before Debtor filed her bankruptcy petition, Debtor's mother sold certain real property to both Debtor and Respondent Daskalowitz. Exhibit D ¶ 4. The mother later bought other property and, by power of attorney, transferred her interest in that second property to Debtor. *Id.* ¶ 5. Contemporaneous with that transaction, it is alleged that Debtor, Respondent Daskalowitz, and the mother agreed that proceeds through any later sale of the first property would be split evenly between Debtor and Respondent Daskalowitz. *Id.* ¶ 7. Upon sale, however, Debtor allegedly failed to pay Respondent Daskalowitz her share. *Id.* ¶ 8. Respondent's claim for breach of contract then accrued.

9.      Respondent Daskalowitz, though, sat idle. It was not until January 13, 2015—over 10 years after the alleged breach of contract occurred and over one year after entry of the bankruptcy discharge—that Respondent Daskalowitz sought to recover her alleged share of the sale proceeds. *See* Exhibit E. Respondent's choice of forum was arbitration with a Rabbinical

court, to which Debtor agreed. *Id.* ¶ 3. The Rabbinical Court, in a one-page decision, summarily awarded Respondent Daskalowitz $150,000. Exhibit F.

10.     Respondent Daskalowitz sought to enforce the arbitration award and retained Respondent Law Office of Jason B. Shanbaum to that end. *See* Exhibit E. Respondents filed a state-court petition seeking to enforce this award on November 29, 2015. *Id.* Motion practice lasted several months, and on August 25, 2016, the Supreme Court granted Respondent Daskalowitz her requested relief and ordered Debtor to pay the $150,000 award. *See* Exhibit G. Judgment was entered against Debtor on September 7, 2016. *Id.*

11.     On or about February 13, 2019, Debtor received a Notice of Garnishment from Martin A. Bienstock, a New York City Marshal. Exhibit L. This notice threatens garnishment of sums lawfully due to Debtor "from whom [Debtor is] receiving or will receive money . . . ." *Id.* The notice further demands a total sum of $212,376.46, which includes the judgment amount, marshal fees, poundage expense, and interest charges. *Id.* The notice finally warns that interest will be calculated daily. *Id.*

12.     On or about March 7, 2019, Debtor filed a motion in this Court seeking relief identical to the relief requested herein. Debtor was willing to wait until the schedule hearing date, set for April 23, 2019. Nonetheless, the New York City Marshal has attempted to enforce the Notice of Garnishment against Debtor, and her employer has already began garnishing her wages. *See* Exhibit M. Thus Debtor brings the instant Order to Show Cause.

## LEGAL ARGUMENT

### A.  This Court Should Reopen this Bankruptcy Case

13.     Under the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.

§ 350(b). The decision to reopen a bankruptcy case rests left to the bankruptcy court's discretion. *State Bank of India v. Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) (internal citations omitted). The party seeking to reopen the case bears the burden to show cause exists. *See In re Easley–Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013) (internal citations omitted).

14.     "'A motion to reopen should be liberally granted and ought not be used to force the debtor to prove her case twice, once to reopen the case and later at the hearing on the merits.'" *In re Covelli*, 550 B.R. 256, 263 (Bankr. S.D.N.Y. 2016) (quoting *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005)).

15.     Here, Debtor moves to reopen this case to impose sanctions on Respondent for an outright violation of the discharge injunction and obtain an order avoiding a lien. It is well settled that "a motion to impose sanctions for violation of the discharge injunction is an appropriate purpose to reopen a bankruptcy case." *In re Covelli*, 550 B.R. at 263 (citing *In re McKenzie–Gilyard*, 388 B.R. 474, 478 (Bankr. E.D.N.Y. 2007)).

**B.  Respondents Willfully Violated the Discharge Injunction and Are Now in Contempt**

16.     A discharge injunction furthers one of the primary purposes of the Bankruptcy Code—namely, giving the debtor a chance for a financial fresh start unburdened by efforts to collect debts no longer owed. *See Green v. Welsh*, 956 F.2d 30, 33 (2d Cir. 1992) (citing *In re Jet Florida System*s, Inc., 883 F.2d 970, 972 (11th Cir. 1989)); *In re Nicholas*, 457 B.R. 202, 224 (Bankr. E.D.N.Y. 2014). While section 524 is silent on this issue, section 105 of the Bankruptcy Code gives courts broad authority to enforce discharge injunctions by holding willful violators in contempt. *See In re Nassako*, 405 B.R. 515 (Bankr. S.D.N.Y. 2009) (internal citations omitted); *In re Szenes*, 515 B.R. 1, 6 (Bankr. E.D.N.Y. 2014); *In re Nicholas* 457 B.R. 202, 225 (Bankr. E.D.N.Y. 2014).

17.    A civil-contempt finding requires a two-part inquiry: "(1) did the party know of the lawful order of the court, and (2) did the defendant comply with it." *Nicholas*, 457 B.R. at 225; *McKenzie–Gilyard*, 388 B.R. at 481 (internal citation omitted). Moreover, a violation of the discharge injunction is willful where "the creditor (1) knew that the discharge had issued, and (2) intended the actions which violated the discharge injunction." *In re DiGeronimo*, 354 B.R. 625, 642 (Bankr. E.D.N.Y. 2006); *see also* 4 Collier on Bankruptcy P 524.02(2)(c) (willfulness is evident where the "creditor knows the discharge has been entered and intends the actions which violated the discharge injunction.").

18.    Here, the state-court papers themselves provide clear and convincing evidence that Respondents willfully and knowingly violated the discharge injunction. First, the state-court petition references only the arbitration award, conspicuously omitting any facts concerning the underlying transaction. *See* Exhibit E. But the affirmation in support of an order to show cause, filed just days after the petition, plainly acknowledged that Debtor was insolvent (Exhibit H ¶ 4), which means that Respondents had, at the least, constructive notice that Debtor was bankrupt.

19.    If Respondents indeed lacked knowledge of the discharge at the time of filing the petition, they certainly learned of it shortly thereafter. After all, Debtor's opposition to the order to show cause plainly attached the Notice of Discharge. Exhibit I. Respondents too included the Notice of Discharge in their reply papers. Exhibit J. Respondents nonetheless litigated the state-court action without regard for the protection afforded to Debtor under the bankruptcy laws.

20.    Moreover, should Respondents contend that they never intended to violate the bankruptcy discharge, such an argument would offer them no safe harbor. Willfulness simply requires a showing that the creditor *intended the actions* that violated the discharge injunction; it does not require specific intent. *DiGeronimo*, 354 B.R. at 642. As one court put it, a party is in

willful violation of the injunction where it "knowingly go[es] forward with collection activity . . . knowing or having reason to know that the debtor was in bankruptcy and has received a discharge." *In re Ramos*, Case No. 10–23019(RDD), 2013 WL 5461859, at *2 (Bankr. S.D.N.Y. Oct. 1, 2013).

21.     Accordingly, Respondents are in civil contempt because they (1) knew of the discharge injunction and (2) willfully ignored it anyway by pursuing the state-court case.

**C.  This Court Should Impose Sanctions for Respondents' Civil Contempt**

22.     Sanctions for civil contempt may be imposed both to "coerce future compliance" with a court order and to "compensate for any harm that previously resulted" from the noncompliance. *Chief. Exec. Officers Clubs, Inc*. 359 B.R. 527, 534 (Bankr. S.D.N.Y. 2007) (citing *New York State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998). Courts must consider "the nature of the harm and the probable effect of alternative sanctions" when assessing imposition of sanctions. *Id*. at 536 (citing *EEOC v. Local 28, Sheet Metal Workers*, 247 F.3d 333, 336 (2d Cir. 2001)).

23.     Various forms of damages are available for civil contempt, including: attorneys' fees; litigation costs; travel expenses; other actual losses, like wages or business income; punitive damages; and even emotional distress damages. *See In re American Medical Utilization Management Corp*., 494 B.R. 626, 636–38 (Bankr. E.D.N.Y. 2013) (awarding costs and fees as a contempt sanction); *In re Russell*, 378 B.R. 735, 743–44 (Bankr. E.D.N.Y. 2007) (noting that compensatory damages and attorney's fees may be awarded as a contempt sanction for violation of the discharge injunction); *In re Perviz*, 302 B.R. 357, 369 (Bankr. N.D. Ohio 2003) (awarding $8,000 in punitive damages for willful violation of discharge injunction were there was "some sort of nefarious or otherwise malevolent conduct" that demonstrates a "complete and utter disrespect for the bankruptcy laws.").

**1. *Debtor has incurred a loss in light of enforcement of a state-court judgement of $150,000 for a debt already discharged through bankruptcy.***

24.     The record before this Court demonstrates that Debtor is about to incur a $150,000 loss from the state-court judgement. Respondent is currently pursuing enforcement of this judgment through the New York City Marshal. Accordingly, should the New York City actually recover this sum—which seems likely given the Respondent's persistent prosecution of the state-court case and the New York Supreme Court's failure to credit the discharge—Debtor asks this Court to award her $150,000 in compensatory damages for an out-of-pocket loss.

**2. *Debtor has incurred and should recover reasonable attorneys' fees.***

25.     Courts routinely award attorneys' fees when a party willfully disobeys a court order. *Szenes*, 515 B.R. at 7; *Nicholas*, 457 B.R. at 225; *Nassoko*, 405 B.R. at 520. An award of attorneys' fees is also appropriate where an offending party also acted in bad faith or in a vexatious or oppressive manner. *Watkins v. Guardian Loan Co. of Massapequa, Inc.*, 240 B.R. 668, 678 (Bankr. E.D.N.Y. 1999); *Russell v. Chase Bank USA, NA*, 378 B.R. 735, 743–44 (Bankr. E.D.N.Y. 2007).

26.     Debtor incurred attorney's fees as a result of Respondents' actions by (1) defending herself in the state-court case; (2) having this bankruptcy case reopened; and (3) filing (and, should Respondents appear in this case, arguing) the instant motion. Accordingly, this Court should award Debtor reasonable attorneys' fees and costs of at least $25,000.

**3. *Debtor is entitled to punitive damages.***

27.     Where a clear violation of the discharge injunction has been found, the court may also impose a punitive civil contempt sanction. *See Szenes*, 515 B.R. at 8 (imposing attorney's fees and a punitive sanction for a bank which not only violated the discharge injunction by sending a letter after it received notice of the discharge order but continued to violate the discharge injunction

by sending another letter after it received a letter from debtor's counsel notifying it of its violation); *Nicholas*, 457 B.R. at 227 (assessing a $5,000 punitive sanction against a *pro-se* litigant who violated the discharge injunction by making payment demands and pursuing state court litigation on discharged claims); *Covelli*, 550 B.R. at 270–71 (awarding punitive damages for pursuing a state-court proceeding in violation of a discharge injunction).

28.     Courts have found such damages appropriate "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Torres*, 367 B.R. at 490. While a mere showing that the actions were deliberate is insufficient for punitive damages, this is not the case before this Court. Instead, punitive damages are indeed appropriate here because Respondents' vigorous prosecution of the state-court lawsuit was both "malevolent" and in "clear disregard and disrespect of the bankruptcy laws." *Szenes*, 515 B.R. at 7–8; *Nicholas*, 457 B.R. at 227; *Watkins*, 240 B.R. at 680.

29.     Respondents' initially attempted to conceal the fact that the underlying transaction forming the basis of the state-court lawsuit occurred years before the bankruptcy discharged. The Respondents, as noted, had at least constructive knowledge of the discharge before filing the state-court petition. At any rate, they certainly obtained a copy of the Notice of Discharge shortly after suing Debtor. Moreover, Respondents admittedly knew that they were violating federal bankruptcy law, as is evidenced by Respondents' acknowledgment that they were pursuing the state-court case because "the Second Circuit and the New York State Court of Appeals are both split" on the issue of recovering an unnoticed prepetition debt following a no-asset bankruptcy discharge. Exhibit K ¶ 6.

30.     Finally, Respondents were in full control of the state-court lawsuit and could have discontinued it at any time. Instead, they chose to strongly oppose Debtor's motions and request

relief from the Supreme Court. Given Respondents' overwhelming opportunities to cease the collection efforts—especially after knowing that the debt was already discharged—is nothing short of malevolent conduct in extreme disregard for this Court's order and the Bankruptcy Code.

**D. This Court Should Issue a Temporary Restraining Order Enjoining the NYC Marshal from Enforcing the Notice of Garnishment**

31.     The Rules allow this Court, through Rule 7065 of the Federal Bankruptcy Rules of Procedure, to impose a Temporary Retraining Order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

32.     It is well-settled that TRO's serve to maintain the status quo. *See, e.g., In re Atlas Fin. Mortg., Inc.*, No. 13-32683-BJH-7, 2014 WL 172283, at *3 (Bankr. N.D. Tex. Jan. 14, 2014). Presently, the New York City Marshal is threatening to disrupt this status quo—that is, he stands ready to disturb the longstanding discharge—by enforcing the Notice of Garnishment pursuant to the state-court judgement against Debtor.

33.     Debtor has already been, and will continue to be, harmed absent a TRO enjoying the NYC Marshal for garnishing her wages. Without anything to stop the Marshal from enforcing the Notice of Garnishment, Debtor is losing and stands to lose any and all income she duly and lawfully received and will receive from the present until the outstanding obligation is satisfied.

34.     Given that, upon these moving papers, Debtor has established her right to relief from this Court, the Court should not allow the Marshal to enforce this TRO.

WHEREFORE, For the foregoing reasons, Debtor respectfully asks this Court for an Order (1) reopening this Chapter 7 bankruptcy case; finding Respondents in civil contempt for violating the discharge injunction, imposing sanctions on Respondents and award Debtor compensatory and punitive damages, attorneys' fees and costs; for a Temporary restraining Order enjoining the Marshal of the City of New York from enforcing the Notice of Garnishment; and any other relief

this Court deems equitable and just; or (2) for an order reopening this case to allow Debtor to file

an adversary proceeding against Respondents.

Dated: Brooklyn, New York

April 4, 2019                                          /s/ *Joseph Y. Balisok*

                                                Joseph Y. Balisok, Esq.
                                                BALISOK & KAUFMAN PLLC
                                                251 Troy Avenue
                                                Brooklyn, New York 11213
                                                Phone: (718) 928-9607
                                                Fax: (718) 534-9747
                                                Email: joseph@lawbalisok.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____ X

In re:                                            :
                                                  :          Chapter 7
        **FEIGE GREEN**                           :          Case No.: 1−13−44897−ess
                                                  :          Judge: Stong, Elizabeth
                                    Debtor.        :
        SS No.: xxx-xx-6529                        :          **ORDER GRANTING**
_____ X          **DEBTOR'S MOTION**

        The Court, having reviewed the movant's Motion to Reopen and for other relief, and any

related responses and objections, it is hereby

        ORDERED that:

        ☐  That part of the Motion to Reopen is GRANTED. The Case is reopened;

        ☐  That part of the Motion to find Respondent's in civil contempt is GRANTED;

        ☐  That part of the Motion to hold Respondents liable for Sanctions for willful and

            knowing violation of the discharge injunction is GRANTED;

        ☐  That part of the Motion awarding Debtor compensatory and punitive damages,

            including an award of attorneys' fees and costs is GRANTED.

        ☐  That part of the Motion for a Temporary Restraining Order enjoying the Marshal

            of the City of New York from enforcing the Notice of Garnishment is GRANTED.

        ☐  Any additional relief:_____

        _____is GRANTED.

Dated: Brooklyn, New York
        _____, 2019              /s/_____
                                        HONORABLE ELIZABETH L. STONG
                                        United States Bankruptcy Judge